UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SHOOTING CENTER, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SECFOR INTERNATIONAL, et al.,<br><br>Defendants. | Case No. 13-CV-1847-BTM (JMA)<br><br>**SCHEDULING ORDER** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a telephonic Case Management Conference was held on March 3, 2014 at 10:00 a.m.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

**IT IS HEREBY ORDERED:**

1.	All parties shall fully comply with the Initial Disclosure requirements of Rule 26(a)(1) by **March 15, 2014**.

2.	Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **April 1, 2014**.

3.	Plaintiff(s) (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to

call at trial on or before **April 15, 2014**.  Defendant(s) (or the party(ies) defending any claim, counterclaim, crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **May 15, 2014**.  On or before **May 29, 2014**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject.  Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.  This requirement is <u>not</u> limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4.   A telephonic Case Management Conference shall be held before Magistrate Judge Adler on **June 3, 2014** at **9:00 a.m.**  Counsel for each party shall appear telephonically at this conference, and shall use the following call-in information:  Dial-In Number 215-446-0155, Access Code 2602013, Security Code 06030900.

5.   All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **June 13, 2014**.  Any contradictory or rebuttal information shall be disclosed on or before **June 30, 2014.**  In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ.

P. 26(a)(3) (discussed below).  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, <u>or</u> whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

6.   All discovery, including expert discovery, shall be completed by all parties on or before **August 15, 2014**.  "Completed" means that all discovery must be initiated a sufficient period of time in advance of the cutoff date, so that it may be <u>completed</u> by the cutoff date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.  The Court's procedures for resolving discovery disputes are set forth in Judge Adler's Chambers Rules, which are posted on the Court's website.

7.   All motions, other than motions to amend or join parties, or motions in limine, shall be <u>filed</u> on or before **September 30, 2014**.  Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion.  <u>**Be advised that the parties must file their moving papers within three (3) days of receiving their motion hearing date from the Court.  Be further advised that the period of time between the date you request a motion date and the hearing date may be up to sixty (60) days.  Please plan accordingly**</u>.  Failure of counsel to timely request a motion date may result in the motion not being heard.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of

the judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without such leave of court.

  8. A Mandatory Settlement Conference shall be conducted on **December 16, 2014** at **10:00 a.m.** in the chambers of Magistrate Judge Adler.  Counsel shall submit settlement statements to Magistrate Judge Adler's chambers no later than **December 9, 2014**.[1]  The parties may either submit confidential settlement statements or may exchange their settlement statements.  Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the Mandatory Settlement Conference.  **The settlement conference briefs shall not be filed with the Clerk of the Court.**

  **All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear in person at the conference**.  **The individual(s) present at the Mandatory Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to: 1) fully explore all settlement options and to agree during the Mandatory Settlement Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the Mandatory Settlement Conference**

---

[1] Statements under 20 pages in length, including attachments and exhibits, may be e-mailed to efile_adler@casd.uscourts.gov, faxed to (619) 702-9939, or delivered to chambers via the Office of the Clerk of Court at 333 West Broadway, Suite 420, San Diego, California.  Statements exceeding 20 pages in length, including attachments and exhibits, must be delivered to chambers via the Office of the Clerk of Court.

**(*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).**

Governmental entities may appear through litigation counsel only.  As to all other parties, appearance by litigation counsel only is <u>not</u> acceptable.  Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  **The failure of any counsel, party or authorized person to appear at the Mandatory Settlement Conference as required shall be cause for the immediate imposition of sanctions.**  All conference discussions will be informal, off the record, privileged, and confidential.

9. No Memoranda of Contentions of Fact and Law are to be filed except in a bench trial, in which case each party shall serve on each other party and file with the Clerk of Court their Memorandum of Contentions of Fact and Law and take any other action required by Local Rule 16.1.f.2 on or before **December 31, 2014**.

10. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **December 31, 2014**.  **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of designated matters in evidence**.

11. Counsel shall confer and take the action required by Local Rule 16.1.f.4.a on or before **January 7, 2015**, and shall prepare a proposed pretrial order containing the following **(please note that the following format should be followed in lieu of the format set forth in Local Rule 16.1.f.6.c)**:

       a.    A statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

       b.    A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable].  For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses.  A cause of action in the Complaint [and/or Counterclaim] which is not listed shall be dismissed with prejudice.

       c(1).    A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

       c(2).    A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the expert witnesses' testimony.

       c(3).    A list of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

       d(1).    A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit.

       d(2).    A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

       e.    A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury.  The parties are directed to meet with the assigned magistrate judge to work out as many stipulations of fact as possible.

       f.    A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.

g.   In addition to filing proposed jury instructions in accordance with Fed. R. Civ. P. 51 and Local Rule 51.1, the parties shall e-mail the proposed instructions in Word or WordPerfect form to the Chambers of the Honorable Barry Ted Moskowitz.  If a party disagrees with a particular instruction, the party shall submit an alternate instruction.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order.  The Court will entertain any questions concerning the conduct of the trial at the pretrial conference.

12.   Counsel for the plaintiff must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **January 14, 2015**.

13.   Written objections, if any, to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures shall be filed and served on or before **January 14, 2015**.  **Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time) of the Federal Rules of Evidence.**

14.   The Pretrial Order shall be lodged with the district judge's chambers on or before **January 21, 2015**.

15.   The final Pretrial Conference is scheduled on the calendar of the Honorable Barry Ted Moskowitz on **January 28, 2015** at **10:00 a.m.** The trial date will be assigned by Judge Moskowitz at the pretrial conference.

16.   The dates and times set forth herein will not be modified except for good cause shown.

//

17. Plaintiff's(s') counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

DATED: March 3, 2014

_____
Jan M. Adler
U.S. Magistrate Judge