Harry V. McGahey, Esq. [SBN: 86385]
McGAHEY & McGAHEY, APLC
1532 Sixth Ave.
San Diego, CA 92101
Telephone: (619) 544-1888
Facsimile: (619) 544-0645
harrymcgahey@att.net

Attorney for: Defendants SECFOR INTERNATIONAL; SECFOR INTERNATIONAL LLC; HTPSCOURSE.COM; ABSOLUTE SECURITY, INC.; ABSOLUTE PROTECTION GROUP WORLDWIDE.; APG; KEIKO ARROYO; PATRICK RICHARD SWEENEY aka RICK SWEENEY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SHOOTING CENTER, INC.,<br><br>                 Plaintiffs,<br><br>          vs.<br><br>SECFOR INTERNATIONAL; SECFOR INTERNATIONAL LLC; HTPSCOURSE.COM; ABSOLUTE SECURITY, INC.; ABSOLUTE PROTECTION GROUP WORLDWIDE.; APG; KEIKO ARROYO; PATRICK RICHARD SWEENEY aka RICK SWEENEY,<br><br>                 Defendants. | Case No.  3:13-CV-1847 BTM-JMA<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE DEFENDANTS' SECOND AMENDED COUNTERCLAIMS.<br><br>NO ORAL ARGUMENT REQUESTED<br><br>Date:   October 3, 2014<br>Time:  11:00 a.m.<br>Courtroom: 15B (15th Floor Annex)<br>Judge:  Hon. Barry Ted Moskowitz |

## I. INTRODUCTION

This is a motion by Defendants SECFOR INTERNATIONAL, SECFOR INTERNATIONAL LLC, HTPSCOURSE.COM, ABSOLUTE SECURITY, INC., ABSOLUTE PROTECTION GROUP WORLDWIDE, APG, KEIKO ARROYO and PATRICK SWEENEY aka RICK SWEENEY (hereafter "Defendants")

1

requesting permission to file the Counterclaims they have against not only the

Plaintiff AMERICAN SHOOTING CENTER (hereafter "ACS"), but also against

two additional closely related and indispensable real parties in interest.  One is an

individual named MARC HALCON (hereafter "HALCON"), who is the

controlling shareholder and actual decision maker and manager of ACS, and the

other is THE RECCE GROUP, INC. (hereafter "RECCE"), a corporation believed

to be solely owed by HALCON.

      This is a case where the Defendants were the ones actually taken advantage

of by the Plaintiff  ACS, as well as HALCON and RECCE.  One of the

Defendants, PATRICK SWEENEY, had previously developed an executive

protection course and related materials which he and another Defendant (KEIKO

ARROY) were teaching at MiraCosta College, while unknown to them, they were

being set up by Plaintiff AMERICAN SHOOTING CENTER, (ACS), its primary

controlling owner MARK HALCON, and RECCE, one of HALCON'S other

companies controlled by him, to allow ACS to make an unfounded and unfair

claim on Defendants' intellectual property.   Plaintiff ACS without joining the

indispensable parties HALCON and RECCE, filed this suit against Defendants,

claiming ownership of Defendants' course materials and other intellectual

property, and for many other causes of action related to damages for alleged

interference with current and prospective economic relations etc.  As explained in detail in the attached proposed Second Amended Counter-claim, (See Exhibit 1, paragraphs 4 through 6 and 14 through 43), Defendants are the ones that have actually been aggrieved and damaged by the loss of their intellectual property, and Defendants have suffered, and will suffer damages for this loss, as well as damage to Defendants' current and prospective economic relations etc.

Defendants have many valid Counter-claims against not only ACS, but the man behind it (MARK HALCON), and one of his companies he used (RECCE) to perpetrate this scheme to defraud the Defendants.   Because of mistakes and omissions by Defendants' previous counsel, Defendants currently do not have any of these Counterclaims on file.  This motion has been made by Defendants' new counsel to correct this problem pursuant to the Court order dated July 30, 2014 (Docket No. 27).

## II.  PROCEDURAL HISTORY

Defendants' previous attorneys dropped the ball and did not file any of the required counterclaims in this case when they filed their original defective answers for Defendants (Docket Nos. 5, 6 and 7).   Later, Defendants' previous attorneys attempted to file defective amended answers and defective original counterclaims without obtaining a stipulation from Plaintiff's counsel or making the required

motion with the Court (Docket Nos 17 and 18).   Because of these and other

mistakes and omissions by Defendants' previous counsel, current Defense

Counsel, McGAHEY & McGAHEY, APLC substituted into this case on May 30,

2014 (Docket Nos 19 and 21).   At the first status conference with new Defense

Counsel before Judge Adler on June 3, 2014,  Plaintiff's attorney objected to the

Answers and Counterclaims currently on file (Docket Nos. 17 and 18)  because she

had never stipulated to them being filed.  Judge Adler recognized that the

Defendants' previous attorneys had dropped the ball and originally approved a

revised scheduling order which gave the Defendants' new attorneys until  July 29,

2014 to either file their Answers and Counterclaims by joint stipulation, or for

Defendants to make a motion to have them filed (Docket No. 25).

     Judge Adler's Court clerk also requested in a phone call to Defendants' new

counsel that Defendants' new counsel withdraw the previous Defense attorneys'

unauthorized filing of the first amended answers and previous original

counterclaims (Docket Nos. 17 and 18) objected to by Plaintiff's counsel.

     Defendants' new counsel complied with this request and withdrew the

invalidly filed First Amended Answers and Counterclaims on June 4, 2014

(Docket No 23).  This left Defendants without any answers for some of them,

defective answers for others, and NO counterclaims on file at all for ANY of the

<u>Defendants</u>.

On July 30, 2014,  <u>Judge Adler issued an order extending the time to amend the pleadings and to add additional parties</u> which stated in relevant part: "Any motion <u>to join other parties</u>, <u>to amend the pleadings</u>, <u>or to file additional pleadings</u> shall be filed on or before 8/20/2014" (Docket No. 27)

On August 19, 2014, Plaintiff's counsel agreed to stipulate to allow Defendants' new counsel's proposed amended answer (denominated "Second Amended Answer") to be filed.  A "Joint Motion/Stipulation to Allow Filing By Defendants of Second Amended Answer" was filed with this Court on August 20, 2014 (Docket No. 28).  However, Plaintiff's counsel still refuses to stipulate to allow Defendants' proposed Counterclaims to be filed.  Defendants have therefore been required to make this motion.   If it is not granted, Defendants will not have any opportunity to have ANY of their valid Counterclaims heard in this proceeding.   In addition, the indispensable parties HALCON and RECCE will not be joined.  This will result in a manifest injustice to all Defendants, will require a separate lawsuit to be filed, will require an unnecessary duplication of all parties' efforts, motions for consolidation, any judgment in this case will not be dispositive of all liability and damage issues, and a multiplicity of additional actions and motions necessary will result in a vast unnecessary waste of multiple Courts' time

and resources.

Defendants are therefore respectfully requesting that the Court allow the attached Counterclaims to be filed in the interests of justice, so this case can go forward as one unified proceeding.

(For consistency, the Counterclaims in this motion are also denominated "Second Amended Counterclaims" at times in order to avoid confusion with the previously discussed documents filed by former Defense counsel that have been withdrawn pursuant to the Court's request.  But it should be understood that these Counterclaims sought to be filed in this motion will in fact be the first appropriately filed Counterclaims for Defendants.)

### III.  MOTIONS FOR LEAVE TO FILE PLEADINGS AND TO ADD COUNTER-CLAIMS ARE LIBERALLY GRANTED

Federal Rules of Civil Procedure, Rule 15(a)(2), provides that leave to amend a pleading should be freely given "when justice so requires."

It is well established that the federal courts have adopted a policy strongly favoring liberal granting of amendments to pleadings. Absent clear prejudice, or bad faith, leave to amend is routinely granted. (See *Forman v. Davis* (1962) 371 US 178, 182, 83 S.Ct. 227, 230 (An outright refusal of leave to amend "without any justifying reason appearing for the denial is not an exercise of discretion"); *Peterson v. Boeing company* (9th Cir. 2013) 715 F.3d 276, 282); *FilmTec Corp. v.*

6

*Hydranautics* (Fed. Cir. 1995) 67 F.3d 931, 935-936)

One court noted the "extreme liberality" of the policy to amend, indicating that "justifying reasons must be apparent for denial of a motion to amend." (*Eminence Capital, LLC v. Aspeon, Inc.* (9th Cir. 2003) 316 F.3d 1048, 1051)

As pointed out in detail in the attached proposed Second Amended Counter-Claim (Exhibit 1, paragraphs 4 through 6 and 14 through 43), These Counter-Claim causes of action, and the bringing in of the indispensable parties HALCON and RECCE are absolutely necessary for a complete disposition of this case.  Not allowing the proposed Counter-Claim would cause extreme prejudice and injustice to all of the Defendants.

Defendants have requested that Plaintiff's attorney stipulate to allow the proposed Counterclaims, but as of the filing of this motion, Plaintiff's attorney has not agreed to allow them to be filed.

Consequently, the Defendants currently have no Counterclaims at all on file at this time.   To allow the case to go forward without them being able to file their Counterclaims and bring in these additional closely related indispensable parties would be a manifest injustice to them.

The Ninth Circuit has articulated four concerns it brings to the review of a trial court's exercise of discretion regarding motions to amend a pleading, and

MTN TO ALLOW DEFENDANTS FILING OF COUNTERLCLAIMS
AMERICAN SHOOTING CENTER vs SECFOR et al
3:13-CV-1847

Defendants' meet all four concerns in their favor. "These concerns are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Leighton*, 833 F.2d at 186, citing *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir.1984), and *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.1973).

Here there is <u>no bad faith</u>.  As can be seen from Exhibit 1, Defendants have a well founded basis for their Counterclaims.   There has been <u>no undue delay</u>.  In fact the Court's current order gave until August 20, 2014 to amend, stipulate to amend, or make a motion.  So this motion and the bringing in of two closely related indispensable parties and Counterclaims is being made timely.  There is <u>no prejudice</u> to the opposing party because discovery has not really been started and it does not close under the current scheduling order until November 12, 2014. Plaintiff is well aware from this motion what the Counterclaims will be and therefore discovery can continue while this motion is pending.  No depositions have been noticed or taken yet by either side, and no requests for production or requests for admissions have been served by any parties yet either. Any delays going forward in prosecution of this case will primarily be because Plaintiff will not stipulate to allow the Counterclaim to be filed.  Finally, the Counterclaims sought to be filed <u>will not be "futile"</u> because otherwise Defendants will have no

Counterclaims at all on file, and they need to file these Counterclaims to dispose of all of the issues and facts in this case.

## IV. CONCLUSION

In the interests of justice, in order to prevent prejudice and undue expense to Defendants, to promote judicial economy, to ensure that all claims between the parties are adjudicated in one proceeding, and to allow all issues of liability and damages as to all indispensable parties to be disposed of in one proceeding, it is respectfully requested that Defendants be granted leave to file the attached proposed Second Amended Counterclaims.

Respectfully submitted.

DATED: August 20, 2014                    McGahey & McGahey, APLC

/s/ Harry McGahey
By: Harry V. McGahey, Esq.
Attorney for Defendants SECFOR
INTERNATIONAL; SECFOR
INTERNATIONAL LLC;
HTPSCOURSE.COM; ABSOLUTE
SECURITY, INC.; ABSOLUTE
PROTECTION GROUP
WORLDWIDE.; APG; KEIKO
ARROYO; PATRICK RICHARD
SWEENEY aka RICK SWEENEY