Harry V. McGahey, Esq. [SBN: 86385]
McGAHEY & McGAHEY, APLC
1532 Sixth Ave.
San Diego, CA 92101
Telephone: (619) 544-1888
Facsimile: (619) 544-0645
harrymcgahey@att.net

Attorney for: Defendants SECFOR INTERNATIONAL; SECFOR INTERNATIONAL LLC; HTPSCOURSE.COM; ABSOLUTE SECURITY, INC.; ABSOLUTE PROTECTION GROUP WORLDWIDE.; APG; KEIKO ARROYO; PATRICK RICHARD SWEENEY aka RICK SWEENEY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SHOOTING CENTER, INC.,<br><br>          Plaintiffs,<br>vs.<br><br>SECFOR INTERNATIONAL; SECFOR INTERNATIONAL LLC; HTPSCOURSE.COM; ABSOLUTE SECURITY, INC.; ABSOLUTE PROTECTION GROUP WORLDWIDE.; APG; KEIKO ARROYO; PATRICK RICHARD SWEENEY aka RICK SWEENEY,<br><br>          Defendants. | Case No.  3:13-CV-1847 BTM-JMA<br><br>DECLARATION OF HARRY MCGAHEY IN SUPPORT OF MOTION TO FILE DEFENDANTS' SECOND AMENDED COUNTERCLAIMS.<br><br>NO ORAL ARGUMENT REQUESTED<br><br>Date:   October 3, 2014<br>Time:  11:00 a.m.<br>Courtroom: 15B (15th Floor Annex)<br>Judge:  Hon. Barry Ted Moskowitz |

I, HARRY McGAHEY, declare as follows:

1. I am an attorney duly licensed to practice before all courts in the State of California and this U.S. District Court, and am the attorney of record for Defendants SECFOR INTERNATIONAL, SECFOR INTERNATIONAL LLC, HTPSCOURSE.COM, ABSOLUTE SECURITY, INC., ABSOLUTE

PROTECTION GROUP WORLDWIDE, APG; KEIKO ARROYO, and PATRICK SWEENEY aka RICK SWEENEY (hereafter "Defendants") in Civil No.: 3:13-CV-1847 BTM-JMA listed above.

2. If called to testify as to any of the facts contained in this declaration, I could do so competently, accurately and from my own personal knowledge, except for those facts stated on information and belief, and as to those facts, I believe them to be true.

3. I make this declaration in support of the attached Motion To File Defendants' Second Amended Counterclaims.

4. I believe the Defendants have many valid Counter-claims against not only ACS, but the man behind it (MARC HALCON), and one of his companies he used (RECCE). Because of mistakes and omissions by Defendants' previous counsel, which were not Defendants' fault, Defendants currently do not have any of these Counter-claims on file.

5. Defendants' previous attorneys dropped the ball and did not file any of the required counterclaims in this case when they filed their original defective answers for Defendants (Docket Nos. 5, 6 and 7). Later, Defendants' previous attorneys attempted to file defective amended answers and defective original counterclaims without obtaining a stipulation from Plaintiff's counsel or making

the required motion with the Court (Docket Nos 17 and 18).  Because of these and other mistakes and omissions by Defendants' previous counsel, I substituted into this case on May 30, 2014 (Docket Nos. 19 and 21).

6.  At the first status conference with new Defense Counsel before Judge Adler on June 3, 2014,  Plaintiff's attorney objected to the Answers and Counterclaims currently on file (Docket Nos. 17 and 18)  because she had never stipulated to them being filed.  Judge Adler recognized that the Defendants' previous attorneys had dropped the ball and originally approved a revised scheduling order which gave the Defendants' new attorneys until  July 29, 2014 to either file their Answers and Counterclaims by joint stipulation, or for Defendants to make a motion to have them filed (Docket No. 25).

7.  Judge Adler's Court clerk also requested in a phone call to me that I withdraw the previous Defense attorneys' unauthorized filing of the first amended answers and previous original counterclaims (Docket Nos. 17 and 18) objected to by Plaintiff's counsel.

8.  I complied with this request and withdrew the invalidly filed First Amended Answers and Counterclaims on June 4, 2014 (Docket No 23).  This left Defendants without any answers for some of them, defective answers for others, and no Counterclaims on file at all for any of the Defendants.

9.  On July 30, 2014, <u>Judge Adler issued an order extending the time to amend the pleadings and to add additional parties</u> which stated in relevant part: "Any motion <u>to join other parties</u>, <u>to amend the pleadings</u>, <u>or to file additional pleadings</u> shall be filed on or before 8/20/2014" (Docket No. 27)

10.  On August 19, 2014, Plaintiff's counsel agreed to stipulate to allow my proposed amended answer (denominated "Second Amended Answer") to be filed. I have requested that Plaintiff's attorney stipulate to allow the proposed Counterclaims, but as of the filing of this motion, Plaintiffs' attorney has not agreed to allow them to be filed.

11.  A "Joint Motion/Stipulation to Allow Filing By Defendants of Second Amended Answer" was filed with this Court on August 20, 2014 (Docket No. 28).

12.  If this motion is not granted, Defendants will not have any opportunity to have any of their valid Counterclaims heard in this proceeding.   In addition, the indispensable parties HALCON and RECCE will not be joined.

13.  This will result in a manifest injustice to all Defendants, will require a separate lawsuit to be filed, will require an unnecessary duplication of all parties' efforts, motions for consolidation, any judgment in this case will not be dispositive of all liability and damage issues, and a multiplicity of additional actions and motions necessary will result in a vast and unnecessary waste of multiple Courts'

time and resources.

15. Consequently, the Defendants currently have no Counterclaims at all on file at this time.  To allow the case to go forward without them being able to file their Counterclaims and bring in these closely related and indispensable parties would be a manifest injustice to Defendants.

14. Defendants are therefore respectfully requesting that the Court allow the attached Counterclaims to be filed in the interests of justice, so this case can go forward as one unified proceeding.

16. All requirements for allowing the amendment are present.  There is <u>no bad faith</u>.  As can be seen from Exhibit 1, Defendants have a well founded basis for their Counterclaims.   There has been <u>no undue delay</u>, in fact the Court's current order gave until August 20, 2014 to amend, stipulate to amend, or make a motion, so this motion and the bringing in of new parties and Counterclaims is being made timely.  There is <u>no prejudice</u> to the opposing party because except for exchanging initial sets of special interrogatories, discovery by neither party has not really begun, and discovery does not close under the current scheduling order until November 12, 2014.   Plaintiff is well aware from this motion what the Counterclaims will be and therefore discovery can continue while this motion is pending.  No depositions have been noticed or taken yet by either side, and no

5
MTN TO ALLOW DEFENDANTS  FILING OF COUNTERCLAIMS
AMERICAN SHOOTING CENTER vs SECFOR et al
3:13-CV-1847

requests for production or requests for admissions have been served by any parties yet either. Any delays going forward in prosecution of this case will primarily be because Plaintiff will not stipulate to allow the Counterclaim to be filed.  Finally, the Counterclaims sought to be filed <u>will not be "futile"</u> because otherwise Defendants will have no Counterclaims at all on file, and they need to file these Counterclaims to dispose of all the issues and claims in this case.

     17.  I respectfully believe that in the interests of justice, in order to prevent prejudice and undue expense to Defendants, to promote judicial economy, to ensure that all claims between the parties are adjudicated in one proceeding, and to allow all issues of liability and damages as to all indispensable parties to be disposed of in one proceeding, the Court should grant leave to file the attached proposed Second Amended Counterclaims.

     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: August 20, 2014                                  McGahey & McGahey, APLC

                                           <u>/s/ Harry McGahey</u>
                                           By: Harry V. McGahey, Esq.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28