Harry V. McGahey, Esq. [SBN: 86385]
McGAHEY & McGAHEY, APLC
1532 Sixth Ave.
San Diego, CA 92101
Telephone: (619) 544-1888
Facsimile: (619) 544-0645
harrymcgahey@att.net

Attorney for:  Defendants SECFOR INTERNATIONAL; SECFOR
INTERNATIONAL LLC; HTPSCOURSE.COM; ABSOLUTE SECURITY, INC.;
ABSOLUTE PROTECTION GROUP WORLDWIDE.; APG; KEIKO ARROYO;
PATRICK RICHARD SWEENEY aka RICK SWEENEY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SHOOTING CENTER, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> SECFOR INTERNATIONAL; SECFOR INTERNATIONAL LLC; HTPSCOURSE.COM; ABSOLUTE SECURITY, INC.; ABSOLUTE PROTECTION GROUP WORLDWIDE.; APG; KEIKO ARROYO; PATRICK RICHARD SWEENEY aka RICK SWEENEY, <br><br> Defendants. | Case No.  3:13-CV-1847 BTM-JMA <br><br> SECOND AMENDED ANSWER OF DEFENDANTS SECFOR INTERNATIONAL; SECFOR INTERNATIONAL LLC; HTPSCOURSE.COM; ABSOLUTE SECURITY, INC.; ABSOLUTE PROTECTION GROUP WORLDWIDE; APG; KEIKO ARROYO; PATRICK RICHARD SWEENEY aka RICK SWEENEY <br><br> DEMAND FOR JURY TRIAL |
| KEIKO ARROYO and PATRICK SWEENEY aka RICK SWEENEY, <br><br> Counter-Claimants, <br><br> vs. <br><br> AMERICAN SHOOTING CENTER, INC.,  THE RECCE GROUP, INC., MARC HALCON, and DOES 1-10, <br><br> Counter-Defendants. | |

1

COMES NOW DEFENDANTS SECFOR INTERNATIONAL; SECFOR INTERNATIONAL LLC; HTPSCOURSE.COM; ABSOLUTE SECURITY, INC.; ABSOLUTE PROTECTION GROUP WORLDWIDE, INC.; APG; KEIKO ARROYO; PATRICK RICHARD SWEENEY aka RICK SWEENEY, and answers Plaintiff's Complaint as follows:

### NATURE OF THE ACTION

1. Answering Defendants deny all allegations contained in Paragraphs 1, 2, 3, 4, and 5.

### PARTIES

2. Answering Defendants lack sufficient information and belief to form an answer regarding the status of American Shooting Center, Inc. and deny all other allegations contained in Paragraph 6.

3. Defendants admit that Secfor International is the name sometimes used by Secfor International, LLC and otherwise admit the allegations in Paragraphs 7, 8, 9, 10, 11, 12, and 13, 14, and 15.

4. Defendants deny that Defendant Keiko Arroyo is the owner and/or operator and/or manager of Secfor International, HTPSCOURSE.COM or Secfor International, LLC, but otherwise admits the allegations in Paragraph 14.

5. Defendants admit that Secfor International is the name sometimes used by Secfor International, LLC and otherwise admit the allegations in 15.

## JURISDICTION

6. Answering Defendants admit the allegations in Paragraph 16.

7. Answering Defendants admit that the Court has personal jurisdiction over the named entities, but deny all other allegations contained in Paragraph 17.

8. Answering Defendants admit that the Court has personal jurisdiction over the named individuals, but deny all other allegations contained in Paragraph 18.

## VENUE

9. Answering Defendants admit the allegations in Paragraph 19.

10. Answering Defendants admit the allegations that venue is proper in this district, but deny all other allegations contained in Paragraph 20.

## CONDITIONS PRECEDENT

11. Answering Defendants lack sufficient information or belief on which to form an answer to Paragraph 21, and on that basis deny all allegations in Paragraph 21.

## ALLEGED FACTS

12. Answering Defendants deny on information and belief all the

DEFENDANTS SECOND AMENDED ANSWER
AMERICAN SHOOTING CENTER vs SECFOR et al
3:13-CV-1847

allegations in Paragraph 22.

13.  Answering Defendants admit the allegations in Paragraph 23.

14. Answering Defendants admit that SWEENEY  worked for Plaintiff on and off after September 20, 2005 and that SWEENEY has previously worked for Plaintiff from September 3, 2002 to April 13, 2004, but deny that SWEENEY was ever a "full time employee" and all other allegations in Paragraph 24.

15. Answering Defendants deny all allegations in Paragraph 25.

16. Answering Defendants deny SWEENEY ever prepared Courses as part of his job duties for Plaintiff, but admit that Mr. Sweeney informed Plaintiff that he was working on his own time and initiative (completely unrelated to his job duties with Plaintiff ) with MiraCosta College so that Defendants could on their own provide courses in conjunction with MiraCosta College to utilize MiraCosta College's ability to obtain GI bill funding for civilian students.  Defendants deny all other allegations in Paragraph 26.

17. Answering Defendants deny all allegations in Paragraphs, 27, 28, and 29.

18. Answering Defendants deny all allegations in Paragraph 30.

19. Answering Defendants admit the allegations in Paragraph 31.

DEFENDANTS SECOND AMENDED ANSWER
AMERICAN SHOOTING CENTER vs SECFOR et al
3:13-CV-1847

20. Answering Defendants deny all allegations in Paragraph 32.

21. Answering Defendants on information and belief deny all allegations in Paragraphs 33, 34, and 35.

22. Answering Defendants deny all allegations in Paragraph 36.

23. Answering Defendants deny all allegations in Paragraph 37.

24. Answering Defendants admit the allegation that they were sent cease and desist letters, but deny that Plaintiff owns the videos, photographs, and courses on the websites and on that basis deny all remaining allegations in paragraph 38.

## CLAIMS FOR RELIEF

## COUNT I

## DIRECT INFRINGEMENT OF COPYRIGHT

25.  In response to Paragraph 39, Answering Defendants hereby re-allege and incorporate their answers to the allegations above.

26.  Answering Defendants deny all allegations contained in Paragraph 40.

27.  Answering Defendants object to the incomplete statements of law and legal conclusions contained in paragraphs 41, 42, and 43, and on that basis deny all allegations contained in Paragraphs 41, 42, and 43.

28.  Answering Defendants deny all allegations contained in Paragraphs 44,

5

45, 46, 47, 48, 49, and 50.

## COUNT II

## SECONDARY INFRINGEMENT OF COPYRIGHT

29.  In response to Paragraph 51, Answering Defendants hereby re-allege and incorporates their answers to the allegations above.

30.  Answering Defendants deny all allegations contained in Paragraphs 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, and 63.

## COUNT III

## UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW

31.  In response to Paragraph 64, Answering Defendants hereby re-allege and incorporate their answers to the allegations above.

32.  Answering Defendants deny all allegations contained in Paragraph 65.

33.  Answering Defendants object to the incomplete statements of law and legal conclusions contained in Paragraph 66 and on that basis deny all allegations contained in Paragraph 66.

34.  Answering Defendants deny all allegations contained in Paragraphs 67, 68, and 69.

6

**COUNT IV**

**UNLAWFUL, UNFAIR, AND DECEPTIVE COMPETITION UNDER**

**CALIFORNIA STATUTORY LAW – CAL. BUS. & PROF. C. § 17200**

35.  In response to Paragraph 70, Answering Defendants hereby re-allege and incorporate their answers to the allegations above.

36.  Answering Defendants deny all allegations contained in Paragraphs 71 and 72.

**COUNT V**

**TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**

37.  In response to Paragraph 73, Answering Defendants hereby re-allege and incorporate their answers to the allegations above.

38.  Answering Defendants deny all allegations contained in Paragraphs 74, 75, 76, 77, 78, 79, and 80.

**COUNT VI**

**INTENTIONAL INTERFERENCE WITH**

**PROSPECTIVE ECONOMIC RELATIONS**

39.  In response to Paragraph 81, Answering Defendants hereby re-allege and incorporate their answers to the allegations above.

7

40.  Answering Defendants deny all allegations contained in Paragraph 82.

41.  Answering Defendants deny all allegations contained in Paragraph 83.

42.  Answering Defendants deny all allegations contained in Paragraphs 84, 85, 86, 87, 88, and 89.

## COUNT VII

## NEGLIGENT INTERFERENCE WITH

## PROSPECTIVE ECONOMIC RELATIONS

43.  In response to Paragraph 90, Answering Defendants hereby re-allege and incorporate their answers to the allegations above.

44.  Answering Defendants deny all allegations contained in Paragraph 91.

45.  Answering Defendants deny all allegations contained in Paragraphs 92, 93, 94, 95, and 96.

46.  Answering Defendants deny all allegations contained in Paragraph 97.

47.  Answering Defendants deny all allegations contained in Paragraph 98.

## COUNT VIII

## UNJUST ENRICHMENT

48.  In response to Paragraph 99, Answering Defendants hereby re-allege and incorporate their answers to the allegations above.

8

49.  Answering Defendants deny all allegations contained in Paragraphs 100 and 101.

## COUNT IX

## FRAUD

50.  In response to Paragraph 102, Answering Defendants hereby re-allege and incorporate their answers to the allegations above.

51.  Answering Defendants deny all allegations contained in Paragraphs 103, 104, 105, 106, 107, 108, 109, 110, and 111.

## COUNT X

## RECEIVING AND/OR CONCEALING STOLEN PROPERTY

52.  In response to Paragraph 112, Answering Defendants hereby re-allege and incorporates their answers to the allegations above.

53.  Answering Defendants deny all allegations contained in Paragraphs 113 and 114.

## COUNT XI

## DECLARATORY JUDGMENT – 28 U.S.C. §§s 2201 AND 2202

54.  In response to Paragraph 115, Answering Defendants hereby re-allege and incorporate their answers to the allegations above.

9

55.  Answering Defendants deny all allegations contained in Paragraph 116.

## COUNT XII

## REQUEST FOR PRELIMINARY INJUNCTION

56.  In response to Paragraph 117, Answering Defendants hereby re-allege and incorporate their answers to the allegations above.

57.  Answering Defendants admit all allegations in Paragraph 118.

58.  Answering Defendants deny all allegations contained in Paragraphs 119, 120, 121, 122, 123, 124, and 125.

59.  Answering Defendants admit that Plaintiff asks the Court to cause Defendants to cease and desist using particular videos, photographs, and courses on the named websites, but denies all other allegations contained in Paragraph 126.

## AFFIRMATIVE DEFENSES

60. Answering Defendants hereby assert the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

## (Failure to Comply with Requirements for Works for Hire)

61. Answering  Defendants were never employed or hired by Plaintiff to create any of the works in dispute and therefore the disputed copyrighted works

10

were not "Works for Hire" within the meaning of the Copyright Act.  Plaintiff and Defendants never had any oral or written "Work for Hire" agreement between them that would make any of the disputed works "Works for Hire".  Plaintiff  had no right to apply for a copyright on the works in dispute.   Plaintiff therefore has no copyright rights in the works in dispute.

## SECOND AFFIRMATIVE DEFENSE

### (Independent Creation)

62. Answering Defendants allege that the Plaintiff's claims are barred because the works were Independently Created by Defendants only.

## THIRD AFFIRMATIVE DEFENSE

### (Consent, Acquiescence and/or Waiver)

63. Answering Defendants are informed and believe and thereon allege that the Plaintiff's claims are barred by consent, acquiescence, and/or waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

64. As a separate and affirmative defense to all causes of action, Defendants allege that Plaintiff's own actions are a bar to recovery in this action because by virtue of Plaintiff's own conduct, Plaintiff is estopped asserting any claims for

relief against Defendants, and from recovering any measure of damages against Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

65. Answering Defendants are informed and believe and thereon allege that the Plaintiff's claims are barred by the Doctrine of Unclean Hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

66. Answering Defendants are informed and believe and thereon allege that the Plaintiff's claims are barred because Defendants, if infringing at all, are Innocent Infringers.

## SEVENTH AFFIRMATIVE DEFENSE

### (Copyright Invalidity)

67. Answering Defendants are informed and believe and thereon allege that the Plaintiff's claims are barred by the doctrine of Copyright Invalidity.

## EIGHTH AFFIRMATIVE DEFENSE

### (Fair Competition)

68. Answering Defendants are informed and believe and thereon allege that

12

the Plaintiff's claims are barred by the Doctrine of Fair Competition.

## NINTH AFFIRMATIVE DEFENSE

### (No Causal Connection Between Actions of This Defendant and Damages)

69. As a separate and affirmative defense to all causes of action, Defendants allege that Plaintiff is barred from recovering actual damages against Defendants because there is no causal connection between Plaintiff's alleged damages and Defendants' alleged conduct.

## TENTH AFFIRMATIVE DEFENSE

### (Apportionment)

70. As a separate and affirmative defense to all of the causes of action against it, these answering Defendants allege that if at the time of trial the court and/or jury determine that there was some degree of responsibility on the part of these answering Defendants and that these Defendants' conduct was a proximate cause of Plaintiff's damages, these answering Defendants allege and contend that the concurrent negligence of Plaintiff and/or other persons or entities, was in fact the cause of said injuries and that therefore these answering Defendants' liability, if any, is limited to the extent of these answering Defendants' proportionate responsibility.

DEFENDANTS SECOND AMENDED ANSWER
AMERICAN SHOOTING CENTER vs SECFOR et al
3:13-CV-1847

# ELEVENTH AFFIRMATIVE DEFENSE

## (Lack of Standing)

71. As a separate and affirmative defense to all causes of action, Defendants allege that Plaintiff has no legal standing to bring this action against Defendants.

# TWELFTH AFFIRMATIVE DEFENSE

## (Failure to Mitigate Damages)

72. Answering Defendants are informed and believe and thereon allege that the Plaintiff's claims are barred because Plaintiff failed to Mitigate Damages.

# THIRTEENTH AFFIRMATIVE DEFENSE

## (Fraud in the Inducement and Fraud in the Inception)

73. As a separate and affirmative defense to all causes of action, these answering Defendants  allege  that Plaintiff wrongfully induced Defendants to enter into the agreements to use Plaintiff's range premises for part of the classes they were teaching in conjunction with MiraMesa College by fraud, in order for Plaintiff to be able to fraudulently claim that Defendant SWEENEY'S salaried work for Plaintiff included teaching these college classes as part of SWEENEY'S job description, and in order for Plaintiff to be able to falsely claim that the disputed materials were produced as the result of "Works for Hire".  Therefore said

14

agreements are void and cannot be used for the purpose of attempting to prove that any disputed copyrighted or copyrightable materials were produced as "Works for Hire"

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Concealment and Failure to Disclose)

74. As a separate and affirmative defense to all causes of action, Defendants allege that Plaintiff concealed and failed to disclose to Defendants when Defendants entered into the agreements to use Plaintiff's range premises for part of the classes they were teaching in conjunction with MiraMesa College, (which had nothing to do with their jobs with the Plaintiff), that Plaintiff would later fraudulently claim that Defendant SWEENEY'S salaried work for Plaintiff included teaching these classes as part of SWEENEY'S job description, in order for Plaintiff to be able to falsely claim that the disputed materials were "Works for Hire".  Therefore said agreements are void and cannot be used for the purpose of attempting to prove that any disputed copyrighted or copyrightable materials were produced as "Works for Hire".

75. Plaintiff concealed these facts and had Defendants been aware of these facts, Defendants would never had entered into the agreements to use Plaintiff''s

15

premises to teach part of their classes for MiraCosta College in the first place.

76. These concealments were fraudulent and deceptive, and any judgment that may be rendered by Plaintiff against Defendants should be voided or not entered for the above reasons.

### (Justification)

77. As a separate and affirmative defense to all causes of action, Defendants allege that Plaintiff is barred from obtaining recovery under any of the claims asserted in the Complaint because the conduct of Defendants at all times was justified.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Joint Copyright Ownership)

78. These answering Defendants deny that Plaintiff has any copyright ownership in the materials in issue in this lawsuit. However, if the Court shall determine that the Plaintiff does in fact have some copyright ownership in certain materials in dispute in this lawsuit, then Defendants allege that Defendants would also have equal co-ownership rights in the same materials under copyright law, and therefore have as much rights in these copyright materials as the Plaintiff has.

DEFENDANTS SECOND AMENDED ANSWER
AMERICAN SHOOTING CENTER vs SECFOR et al
3:13-CV-1847

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Laches)

79. As a separate and affirmative defense to all causes of action, Defendants allege that Plaintiff is barred from obtaining recovery under any of the claims asserted in the Complaint by application of the doctrine of laches; and that despite having knowledge of the alleged facts allegedly giving rise to the claims asserted in the Complaint, Plaintiff failed to pursue its claims to the prejudice and detriment of Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Injury to Plaintiff)

80. As a separate and affirmative defense to all causes of action, Defendants allege that Plaintiff was never injured by any conduct of Defendants and that any actions of Defendants were for a proper purpose.

## EIGHTEENTH  AFFIRMATIVE  DEFENSE

### (Privilege)

81. As a separate and affirmative defense to all causes of action, Defendants allege that Plaintiff is barred from obtaining recovery under any of the claims asserted in the Complaint because the conduct of  Defendants was at all times

privileged.

## NINETEENTH  AFFIRMATIVE  DEFENSE

### (Copyright Misuse)

82. Answering Defendants are informed and believe and thereon allege that the Plaintiff's claims are barred because Plaintiff's claim to and registration of copyright material regarding the subject matter of this litigation constitutes Copyright Misuse.

## TWENTIETH  AFFIRMATIVE DEFENSE

### (Fair Use)

83. Answering Defendants are informed and believe and thereon allege that the Plaintiff's claims are barred by the Doctrine of Fair Use.

## TWENTY  FIRST AFFIRMATIVE  DEFENSE

### (Vagueness and Ambiguous )

84. As a separate and affirmative defense to all causes of action, Defendants  allege that Plaintiff is barred from recovery in this action because each and every alleged claim for damages contained in the Complaint asserted against Defendants is vague and ambiguous.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

**(Uncertainty)**

85. As a separate and affirmative defense to all causes of action, Defendants allege that Plaintiff is barred from recovery in this action because each and every alleged claim for damages contained in the Complaint asserted against Defendants is uncertain.

**TWENTY THIRD AFFIRMATIVE DEFENSE**

**(No Basis for Punitive Damages)**

86. As a separate and affirmative defense to all of the causes of action against it, Defendants allege that there is no basis in fact for punitive damages against Defendants in this matter on any cause of action.

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

**(Release)**

87. Answering Defendants are informed and believe and thereon allege that the Plaintiff's claims are barred by the Doctrine of Release.

/   /   /

/   /   /

19

DEFENDANTS SECOND AMENDED ANSWER
AMERICAN SHOOTING CENTER vs SECFOR et al
3:13-CV-1847

## TWENTY FIFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

88. As a separate and affirmative defense to all of the causes of action against it, these answering Defendants allege that this complaint is barred because of an Accord and Satisfaction.

## TWENTY SIXTH CAUSE OF ACTION

### (First Sale Doctrine)

89. Answering Defendants are informed and believe and thereon allege that the Plaintiff's claims are barred by the Doctrine of First Sale.

## TWENTY SEVENTH CAUSE OF ACTION

### (Abandonment or Forfeiture)

90. Answering Defendants are informed and believe and thereon allege that the Plaintiff's claims are barred by Abandonment or Forfeiture.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

### (Due Care)

91. As a separate and affirmative defense to all of the causes of action against it,  Defendants allege that at all times they exercised due care and had no wrongful intent in all acts or omissions complained of by Plaintiff.

DEFENDANTS SECOND AMENDED ANSWER
AMERICAN SHOOTING CENTER vs SECFOR et al
3:13-CV-1847

## TWENTY NINTH AFFIRMATIVE DEFENSE

### (Bad Faith)

92. As a separate and affirmative defense to all of the causes of action against it, Defendants allege that Plaintiff acted in Bad Faith, and therefore Plaintiff's recovery is hereby barred or diminished.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Set Off)

As a separate and affirmative defense to all of the causes of action against it, Defendants allege that they are entitled to a set off from any award of damages against them by Plaintiff in an amount Plaintiff owes them on their Counterclaims against Plaintiff.

## THIRTY FIRST AFFIRMATIVE DEFENSE

### (Defendant Reserves the Right to Assert Other Defenses)

93. As a separate and affirmative defense to all of the causes of action against it, Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unknown, affirmative defenses; thus Defendants specifically reserve the right to assert additional affirmative defenses in the event discovery indicates that such defenses would be

DEFENDANTS SECOND AMENDED ANSWER
AMERICAN SHOOTING CENTER vs SECFOR et al
3:13-CV-1847

appropriate, and to seek attorney's fees and costs under any applicable statute, including the statutes referenced above.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgments against Plaintiff as follows:

1. That Plaintiff take nothing by way of its Complaint;

2. For costs of suit incurred herein;

3. For reasonable Attorneys' Fees;

4. For such other relief as this Court deems appropriate.

DATED: August 18, 2014                    Respectfully Submitted,

                                          McGahey & McGahey, APLC


                                           /s/  Harry V. McGahey
                                          Harry V. McGahey, Esq., Attorney
                                          for Defendants and Counter-
                                          Claimants
                                          SECFOR INTERNATIONAL;
                                          SECFOR INTERNATIONAL LLC;
                                          HTPSCOURSE.COM; ABSOLUTE
                                          SECURITY, INC.; ABSOLUTE
                                          PROTECTION GROUP
                                          WORLDWIDE.; APG; KEIKO
                                          ARROYO; PATRICK RICHARD
                                          SWEENEY aka RICK SWEENEY

DEFENDANTS SECOND AMENDED ANSWER
AMERICAN SHOOTING CENTER vs SECFOR et al
3:13-CV-1847

**Jury Trial Demand**

Defendants assert their right under the Seventh Amendment to the United

States Constitution and demands, in accordance with Federal Rules of Civil

Procedure 38, a trial by jury on all applicable issues.

DATED:  August 18, 2014                    Respectfully Submitted,

                                           McGahey & McGahey, APLC


                                            _/s/  Harry V. McGahey_____
                                           Defendants and Counter-Claimants
                                           SECFOR INTERNATIONAL;
                                           SECFOR INTERNATIONAL LLC;
                                           HTPSCOURSE.COM; ABSOLUTE
                                           SECURITY, INC.; ABSOLUTE
                                           PROTECTION GROUP
                                           WORLDWIDE.; APG; KEIKO
                                           ARROYO; PATRICK RICHARD
                                           SWEENEY aka RICK SWEENEY

DEFENDANTS SECOND AMENDED ANSWER
AMERICAN SHOOTING CENTER vs SECFOR et al
3:13-CV-1847