Harry V. McGahey, Esq. [SBN: 86385]
McGAHEY & McGAHEY, APLC
1532 Sixth Ave.
San Diego, CA 92101
Telephone: (619) 544-1888
Facsimile: (619) 544-0645
harrymcgahey@att.net

Attorney for: Defendants SECFOR INTERNATIONAL; SECFOR INTERNATIONAL LLC; HTPSCOURSE.COM; ABSOLUTE SECURITY, INC.; ABSOLUTE PROTECTION GROUP WORLDWIDE.; APG; KEIKO ARROYO; PATRICK RICHARD SWEENEY aka RICK SWEENEY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SHOOTING CENTER, INC., <br><br>     Plaintiffs, <br><br>     vs. <br><br>SECFOR INTERNATIONAL; SECFOR INTERNATIONAL LLC; HTPSCOURSE.COM; ABSOLUTE SECURITY, INC.; ABSOLUTE PROTECTION GROUP WORLDWIDE.; APG; KEIKO ARROYO; PATRICK RICHARD SWEENEY aka RICK SWEENEY, <br><br>     Defendants. | Case No. 3:13-CV-1847 BTM-JMA <br><br>**DEFENDANTS' SECFOR INTERNATIONAL; SECFOR INTERNATIONAL LLC; HTPSCOURSE.COM; ABSOLUTE SECURITY, INC.; ABSOLUTE PROTECTION GROUP WORLDWIDE.; APG; KEIKO ARROYO; PATRICK RICHARD SWEENEY aka RICK SWEENEYS' CASE MANAGEMENT CONFERENCE STATEMENT** <br><br>Date: October 1, 2014 <br>Time: 11:00 a.m. <br>Courtroom: Telephonic <br>Judge: Hon. Jan M. Adler |

## PROCEDURAL HISTORY

Defendants' original previous attorneys dropped the ball and did not file any of the necessary counterclaims in this case when they filed their original defective

1

answers for Defendants (Docket Nos. 5, 6 and 7).   Later, Defendants' previous attorneys attempted to file defective amended answers and defective original counterclaims without obtaining a stipulation from Plaintiff's counsel or making the required motion with the Court (Docket Nos 17 and 18).   Because of these and other mistakes and omissions by Defendants' previous counsel, current Defense Counsel, McGAHEY & McGAHEY, APLC substituted into this case on May 30, 2014 (Docket Nos 19 and 21).   At the first status conference with new Defense Counsel before Judge ADLER on June 3, 2014,  Plaintiff's attorney objected to the previous Defense Attorneys' Answers and Counterclaims currently then on file (Docket Nos. 17 and 18)  because she had never stipulated to them being filed.

At this first status conference with new Defense counsel, Judge ADLER recognized and stated that the Defendants' previous attorneys had dropped the ball and he approved a revised scheduling order which gave the Defendants' new attorneys until July 29, 2014 to either file their Answers and Counterclaims by joint stipulation, or for Defendants to make a motion to have them filed (Docket No. 25).

Judge Adler's Court clerk later called Defendants' new counsel and requested that Defendants' new counsel withdraw the previous Defense attorneys' unauthorized filing of the first amended answers and previous original

2

counterclaims (Docket Nos. 17 and 18) objected to by Plaintiff's counsel.

Defendants' new counsel complied with this request and withdrew the invalidly filed First Amended Answers and Counterclaims on June 4, 2014 (Docket No 23).  <u>This left Defendants without ANY answers for SOME of the Defendants, DEFICIENT answers for SOME, and NO counterclaims on file at all for ANY of the Defendants</u>.

On July 30, 2014,  <u>Judge ADLER issued an order extending the time to amend the pleadings and to add additional parties</u> which stated in relevant part: "Any motion <u>to join other parties</u>, <u>to amend the pleadings</u>, <u>or to file additional pleadings</u> shall be filed on or before August 20, 2014" (Docket No. 26)

Because Judge ADLER'S clerk had requested that the previously filed answers and counterclaims objected to by Plaintiff's counsel be deleted, new Defense Counsel requested Plaintiff's counsel's stipulation to file the Second Amended Counterclaims.  Once Plaintiff's counsel made it known she would not agree to their being filed, Defendants' counsel had no choice but to request a hearing date from the Court by the scheduling order date of August 20, 2014.

Defendants' new counsel drafted the motion and obtained the first available date from Judge MOSKOWITZ which was October 3, 2014 to file the Motion to File Second Amended Counterclaims.  (Judge ADLER'S clerk had requested the

3

DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT FOR 10/1/14
AMERICAN SHOOTING CENTER vs SECFOR et al
3:13-CV-1847

motion be made before Judge MOSKOWITZ.)  This telephonic motion without oral argument is currently scheduled to be heard on October 3, 2014 before Judge MOSKOWITZ.   If it is not granted, Defendants will not have any opportunity to have ANY of their valid Counterclaims heard in this proceeding.   In addition, two indispensable parties will not be joined.  This will result in a manifest injustice to all Defendants, will require a separate lawsuit to be filed, will require an unnecessary duplication of all parties' efforts, motions for consolidation, any judgment in this case will not be dispositive of all liability and damage issues, and a multiplicity of additional actions and motions necessary will result in a vast unnecessary waste of multiple Courts' time and resources.  So it is sincerely hoped that this motion to allow the new parties and counterclaims to be filed will be granted by Judge MOSKOWITZ.

In the meantime, the case is starting to go off the rails again with respect to discovery and experts.  It is respectfully requested that Judge ADLER put this case back on track again before it becomes unnecessarily complex.

Unfortunately, current Defense counsel did not properly calendar the Defense expert designations on the scheduling order set for September 9th, 2014.  Current Defense counsel had been focused on coming up to speed, drafting the Second Amended Answers and Counterclaims, drafting special initial

4

interrogatories to Plaintiff, having to draft the unexpected motion to allow the Counterclaims to be filed, and drafting formal requests for production in order to attempt to obtain some significant, useable discovery from Plaintiff as quickly as possible. Defense counsel expected to have all parties in the case and some discovery back from Plaintiffs, before Defendants had to locate and choose all necessary experts and designate them. Because of this the September 9th date passed without Defendants' designating any experts of their own.

Defense counsel argues that the original expert disclosure dates were premature anyway in light of the current status of the case and will be requesting an extension of time from the Court to locate and designate experts on the grounds that it is premature to name them now since no discovery has been received by Defendants, and the new counterclaims have not yet been officially filed. Therefore there is no prejudice to Plaintiff in allowing Defendants more time to designate experts.

Plaintiff's attorney is refusing to stipulate to allow Defendants' more time to locate and designate the expert's necessary for the proper defense of the case, the prosecution of the counterclaims, and the discovery needed for the new parties. These experts will be specialized computer and electronic discovery experts, as well as a copyright damages expert to counter the one originally designated by

Plaintiff. However, there are no formal discovery responses received at all yet from Plaintiff as of the drafting of this statement. (Plaintiff's first discovery answers to Defendants were originally due back in August, but still have not been received as of September 20, 2014. This is because Defendants had been requested by Plaintiff's attorney to allow Plaintiff an additional 30 days to answer the original special interrogatories served on Plaintiff on July 24, 2014. Defense counsel in an attempt to be courteous and cooperative had agreed to this request).

It will be wasteful to attempt to hire an expert in a specialized area if Defendants do not know exactly what type of experts will be necessary. Defendants therefore respectfully aver that it is premature for them to meet with and determine who will be the best copyright damages and electronic discovery experts to hire for purposes of consultation, designation, deposition, and trial testimony at this time. Defendants do not yet know in what format the electronic digital discovery in Plaintiff's possession was held. Not all experts are the same or skilled in all aspects of electronic digital discovery. Defendants should have some discovery responses and know what type of electronic discovery expert will be best to retain and consult with before being required to name all experts.

The simple solution to getting this case back on track will be simply to extend the last scheduling order to take into account the fact that new parties and

6

counterclaims are being brought into the case, and therefore additional time to complete discovery and designate experts should be given.   This will be fair to both sides, and allow the case to be administered as one case with all issues decided in one proceeding with all necessary parties joined, and allow the truth to come out.  Defendants should not be expected to hire their electronics expert before the counterclaims were filed and some initial discovery was obtained, so this omission to name Defendants' experts is not prejudicial and is harmless at this point. (Plaintiff's first discovery answers to Defendants were due on or about September 20, 2014, because Defendants had willingly given Plaintiff's attorney an additional 30 days to answer the original special interrogatories served on Plaintiff on July 24, 2014)

Defendants' therefore respectfully suggest that the following modification to the scheduling order filed on June 20, 2014 would be fair to all parties:

> 3.  Plaintiff(s) (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before October 12, 2014. Defendant(s) (or the party(ies) defending any claim, counterclaim, crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before November 9, 2014. On or before November 23, 2014, any

party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject. Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

    4.  Another telephonic Case Management Conference shall be held before Magistrate Judge Adler on December _?_, 2014 (Date to be set by Court)

    5. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before December 14, 2014 . Any contradictory or rebuttal information shall be disclosed on or before December 28, 2014 .

    6. All discovery, including expert discovery, shall be completed by all parties on or before January 12, 2015.

    7.  All motions, other than motions to amend or join parties, or motions in limine, shall be filed on or before January 26, 2014.

At this time Defense Counsel believes the remaining dates could remain the same without impacting the overall case schedule.  This schedule should not

8

impact the settlement conference date and other dates scheduled later in the case, so there is no prejudice to Plaintiff.

If this amended schedule is not granted, and Defendants are denied the ability to have any experts in this case, and are not given the time to undertake and complete discovery against the new parties and counterclaims filed, it will be manifestly unfair and prejudicial to Defendants.  Defendants will have no options but to file a separate lawsuit with its concomitant additional complications, expenses and use of additional Court time and resources.

Defendants have a well founded basis for their Counterclaims as delineated in the Motion filed on August 20, 2014 as Documents "29 main" through "29-4". There has been no undue delay.  In fact the Court's current amendment to the scheduling order filed on July 30, 2014 (Document 26) gave until August 20, 2014 for "Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before August 20, 2014." So the bringing in of two closely related indispensable parties and Counterclaims was made timely.  There is no prejudice to the opposing party because discovery has not been able to have been started as to the new parties and counterclaimants.   Any delays going forward in prosecution of this case will primarily be because Plaintiff would not originally stipulate to allow the Counterclaims to be filed back on August 20, 2014.

## CONCLUSION

Speed should not be the goal in this case. It is a complex case with many issues that need to be properly addressed. Defendants should not be punished because the former attorneys did not name all of the necessary and indispensable parties and file the required counterclaims initially. In the interests of justice, in order to prevent prejudice and undue expense to Defendants, to promote judicial economy, to ensure that all claims and proper parties are adjudicated in one proceeding, and to allow all issues of liability and damages as to all indispensable parties to be disposed of in one proceeding, it is respectfully requested that the Court modify the scheduling order to allow the Defendants to have more time to designate experts and to undertake the necessary discovery on the soon to be filed Second Amended Counterclaims.

Respectfully submitted.

DATED: September 21, 2014                McGahey & McGahey, APLC

/s/ Harry McGahey_____
By: Harry V. McGahey, Esq.
Attorney for Defendants SECFOR INTERNATIONAL; SECFOR INTERNATIONAL LLC; HTPSCOURSE.COM; ABSOLUTE SECURITY, INC.; ABSOLUTE PROTECTION GROUP WORLDWIDE.; APG; KEIKO ARROYO; PATRICK RICHARD SWEENEY aka RICK SWEENEY