Cindy A. Brand (SBN: 159354)
**LAW OFFICE OF CINDY A. BRAND, APC**
3131 Camino del Rio North, Suite 1030
San Diego, CA 92108
Tel: (619) 294-8075
Fax: (619) 294-8143

Attorneys for Plaintiff American Shooting Center, Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SHOOTING CENTER, INC., a California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>SECFOR INTERNATIONAL; SECFOR INTERNATIONAL LLC; HTPSCOURSE.COM; ABSOLUTE SECURITY, INC.; ABSOLUTE PROTECTION GROUP WORLDWIDE, INC.; APG; MIRACOSTA COLLEGE; KEIKO ARROYO; PATRICK RICHARD SWEENEY aka RICK SWEENEY,<br><br>Defendants. | CASE NO.: 3:13-CV-1847 BTM-JMA<br><br>**OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE DEFENDANTS' SECOND AMENDED COUNTERCLAIMS**<br><br>Date: October 3, 2014<br>Time: 11:00 a.m.<br>Courtroom 15B (15th Floor Annex)<br>Judge: Hon. Barry Moskowitz |

Plaintiff American Shooting Center, Inc., submits the following Opposition to Defendants' Motion for Leave to File Defendants' Second Amended Counterclaims.

---

1
OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE DEFENDANTS' SECOND AMENDED COUNTERCLAIMS

# I.

# INTRODUCTION

Defendants should not be granted leave to file counterclaims at such a late stage in the case because the late filing of the claims prejudices Plaintiff by the addition of sixteen new claims and two new parties less than sixty days before the discovery cut-off of November 12, 2014, and after experts have been designated.  Further, the proposed claims set forth in the Second Amended Counterclaim of Counterclaimants Secfor International; Secfor International, LLC; HTPSCOURSE.COM; Absolute Security, Inc.; Absolute Protection Group Worldwide; APG; Keiko Arroyo; Patrick Richard Sweeney aka Rick Sweeney fail to state claims upon which relief can be granted and are therefore futile.

# II.

# FIVE FACTORS MUST BE CONSIDERED TO ASSESS THE PROPRIETY
# OF A MOTION FOR LEAVE TO AMEND

Rule 15 of the Federal Rules of Civil Procedure requires district courts to "freely give leave [to amend] when justice so requires."  The Ninth Circuit has long recognized that policy however, amendment is not automatic.  If reasons justify denying opportunity to amend, the court has discretion to foreclose amendment.  In the Ninth Circuit, as elsewhere, "[f]ive factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility, and whether the plaintiff has previously amended the complaint."  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing *Nunes v. Ashcroft*, 348 F. 3d 815, 818 (9th Cir. 2003)).  Since Defendants did not previously properly amend the counterclaims, the four remaining factors of bad faith, undue delay, prejudice to the opposing party and futility must be addressed.

   A. **Defendants Should not be Granted Leave to Amend as the Amendment is Sought in Bad Faith**

"In determining whether an amendment is sought in bad faith, courts have inquired whether the party seeking amendment has previously engaged in dilatory tactics and have evaluated the value

of the proposed amendment." (*Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001).)

Defendants withdrew the improperly filed counterclaims on June 4, 2014. (Dec. H. McGahey ¶8.)  Defendants' provide no explanation for why they waited until August 18, 2014, over two (2) months later, to request that Plaintiff agree to the filing of new counterclaims and to add new parties.  (Dec. C. Brand ¶2.)  Defendants' substituted in new counsel on the case on or about May 15, 2014.  The lack of proper counterclaims was apparent at that time and certainly by June 4, 2014, when the Court requested that the proposed First Amended Counterclaims be withdrawn.  (Dec. H. McGahey ¶8.)  The revised scheduling order that was provided by the Court after Defendants' new counsel substituted into the case stated a date of July 29, 2014 for Defendants to file their Answers and Counterclaims by joint stipulation, or for Defendants to file a motion for leave to amend.  (Defs Motion pg 4 lines 10-15.)  Defendants did not file the motion for leave to amend in a timely manner which required the extension of the motion filing to August 20, 2014.  Despite having the extra time Defendants counsel did not provide Plaintiff with the proposed counterclaims until two (2) days before the motion was due, August 18, 2014.  (Dec. C. Brand ¶4.)  Defendants provide no explanation in their moving papers as to why there was a delay from June 4, 2014, until August 20, 2014, which would excuse the delay.

Plaintiff designated its expert timely on June 13, 2014, under the original Scheduling Order and again on August 12, 2014, pursuant to the requirements of the *Order Granting Joint Motion to Amend Scheduling Order*.  (Dec. C. Brand ¶5.)  Defendants have not designated any experts.  (Dec. C. Brand ¶6.)  Plaintiff's expert report is due on October 14, 2014.  (Dec. C. Brand ¶7.)  Defense of the proposed counterclaims may require the use of additional experts and will require additional issues be addressed by Plaintiff's expert.  Therefore all expert designations, the discovery cut-off of November 12, 2014, and all accompanying dates based upon the March 24, 2015, pre-trial conference date will need to be amended if the counterclaims are filed.  (Dec. C. Brand ¶8.)

Defendants are correct that the Federal Rules of Civil Procedure, Rule 15(a)(2), provide that leave to amend a pleading shall be freely given "when justice so requires."  (Defs Motion pg 6 lines 17-18.)  However,  in this situation justice would not be served by allowing the amendment.  In

*Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir. 1990) the court denied the plaintiff the right to amend on the basis that "new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *Morongo*, 893 F.2d at 1079. The court further stated that "[t]he delay of nearly two years, while not alone enough to support denial, [was] nevertheless relevant." *Id*. As the *Morongo* court stated, the fact that thirteen (13) months has passed since this litigation began, experts have been designated and the discovery cutoff is less than sixty days away is relevant to this Court's decision as to whether to allow the amendment.

Defendants are proposing to add two new parties and sixteen claims to the case. Plaintiff will need time to file a Rule 12(b)(6) motion to the proposed counterclaims, conduct discovery on the new claims, designate experts and prepare to defend the claims. Additionally, the new parties will need an opportunity to obtain counsel and defend the case after service. Defendants' delay should be taken into consideration in light of the substantial prejudice it would cause to Plaintiff.

### B. **Defendants Should Not be Granted Leave to Amend as the Motion for Leave to Amend was filed With Undue Delay**

Defendants' argument regarding a lack of undue delay does not fully address the appropriate concerns based on the applicable legal authority. The simple fact that this Court allowed Defendants to brief this issue no later than August 20, 2014, does not establish that the late filing of the motion caused no undue delay.

From counsel's substitution into this case in May of 2014, Defendants knew, or should have known, all of the facts and theories raised by the new claims. Defendants claim "discovery has not really been started" so Defendants cannot claim they learned of the claims through discovery. (Defs Motion pg 8 lines 13-16.) Defendants had ample opportunity to raise these claims and yet chose to remain silent.

Nowhere do Defendants assert they just learned of new facts or law that would provide an excuse for the delay in the filing of Defendants motion. What Defendants fail to acknowledge is that the discovery cut-off is November 12, 2014, and all motions must be filed by November 26, 2014. Even if Plaintiff could obtain some discovery on the claims, there is no time to file any motions on

the new claims and proposed new parties.   Defendants are asserting sixteen new claims, none of which have been disclosed prior to the filing of Defendants motion and which are completely new in this matter.  Plaintiff may be required to amend its Complaint if the new claims of Defendants are allowed.  (Dec. C. Brand ¶9.)  Further, new dates for the initial disclosure, expert designations, expert reports, and trial must be obtained.  (Dec. C. Brand ¶10.)

As Defendants do not claim they learned of the claims based upon new facts or law in the case, it proves Defendants knew all of the same facts that they know now, and their failure to raise the claims until this point thus constitutes undue delay and forecloses leave to amend.

"Whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading" is relevant to the inquiry of whether a party has unduly delayed in filing their motion. *Jackson v. Bank of Haw*., supra, at 1387-88 citing *E.E.O.C. v. Boeing Co*., 843 F.2d 1213, 1222 (9th Cir.), cert. denied, 488 U.S. 889, 109 S.Ct. 222, 102 L.Ed.2d 212 (1988); *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.), vacated on other grounds, 459 U.S. 810 (1982).  The motion should be denied on the basis of undue delay.

### C. **Defendants Should Not be Granted Leave to Amend as the Proposed Amendment Prejudices Plaintiff**

According to courts and commentators, prejudice is the most important, and the most oft used, reason to deny leave to amend. *See Jackson v. Bank of Haw*., 902 F.2d 1385, 1387 (9th Cir. 1990); 6 *Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1487* (2d ed. 1990). In considering prejudice courts generally look to see what hardship the moving party will endure if leave is not granted, the reason the moving party failed to include the material in the original pleading, and the injustice that would result to the party opposing the motion. *6 Charles Alan Wright, Arther R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1487* (2nd ed. 1990).

Here because Defendants have filed their Answer to the Complaint and may assert their defenses there is no need to file the counterclaims.  The proposed claims are actually defenses to the claims asserted by Plaintiff.  Defendants have continued to use the materials upon which the Complaint is based, have continued to teach the courses, and can assert no damage. (Dec. C. Brand ¶11.)

There is no justifiable reason for Defendants' failure to assert the claims at one of multiple opportunities at earlier stages in the litigation. Further, the injustice that would result to Plaintiff if leave to amend is granted at this time is significant. As discussed above, the time constraints on the expert designations and the discovery cut off prejudice Plaintiff.  "Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999). Allowing the case to be fully litigated for approximately thirteen months only to allow sixteen new claims at the tail end of the case would be an injustice to Plaintiff. *Id*.; *see also, Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (motion "on the eve of the discovery deadline" properly denied because it would have required reopening discovery, thus delaying proceedings).

Defendants assert "any delays going forward in prosecution of this case will primarily be because Plaintiff will not stipulate to allow the Counterclaim to be filed." (Defs Motion pg 8 lines 22-25.)  While it is convenient to blame the Plaintiff for Defendants delay, Defendants statement could not be further from the truth.  Defendants have presented no excuse, or even a reason, for the delay in filing Defendants motion for leave to amend and asserting their alleged claims.

"[A] district court may deny leave to amend where there is any apparent or declared reason for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment." *Lockman Foundation v. Evangelical Alliance Mission*, (9th Cir.1991) 930 F.2d 764, 772, quoting *Foman v. Davis*, (1962), 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed.2d 222.  Defendants' motion should be denied on the basis of prejudice to Plaintiff.

**D. Defendants Should Not be Granted Leave to Amend as the Amendment is Futile**

While Defendant is correct that there is a liberal policy of allowing amendment of pleadings, that policy does not include amendments that are futile.  *Hurn v. Retirement Fund Trusts of Plumbing, Heating and Piping Industry of Southern California*, (9th Cir. 1981) 648 F.2d 1252, 1254.

Defendants make the statement that "the Counterclaims sought to be filed will not be "futile" because otherwise Defendants will have no Counterclaims at all on file." (Defs Motion pg 8 lines 25-27 pg; 9 lines 1-2.)  However, there is no requirement that Defendants have any counterclaims on

file. Defendants have asserted numerous defenses to Plaintiff's claims and the proposed claims are nothing more than embellished defenses.

Defendants claim they "are the ones that have actually been aggrieved and damaged by the loss of their intellectual property" yet Defendants fail to assert any facts to support such a claim. (Defs' Motion pg 3 lines 4-6.) Defendants are in possession of all course materials and are using them now to provide courses at MiraCosta College. (Dec. C. Brand ¶11.)

Plaintiff refers the Court to the futile claims in Defendants' Second Amended Counterclaims as follows:

> First Counterclaim: - Declaratory Relief – Defendants claim is actually a defense to Plaintiff's complaint nothing more. The basis for the claim is that Defendants claim they are "entitled to a declaratory judgment of non-infringement" which is a defense to Plaintiff's claims. Defendants are in no way prejudiced if the claim for declaratory relief is not asserted in this action.
>
> Second Counterclaim: The Second Counterclaim for fraudulent registration of the copyright under 17 U.S.C. section 1325 is limited to the protection of designs of useful articles and vessel hulls. 4 Melville B. Nimmer, David Nimmer, Nimmer on Copyright, § 14.10[D][3][b] n.292 (2014). It has no application in this case.
>
> Third Counterclaim, The claim for civil conspiracy as alleged is unsupported by the necessary allegation of tortious conduct. Requiring that Defendant Sweeney pay a royalty for a video created by Defendant Sweeney while working for Plaintiff is not tortious conduct. Moreover, requiring that Defendant Sweeney pay a royalty for a video allegedly created by Defendant Sweeney while working for Plaintiff is not tortious under any definition of the law.
>
> Fourth & Fifth Counterclaim: Plaintiff's claim that it owns the right to the courses, videos, and other materials at issue in the lawsuit does not constitute an unfair, unlawful, or fraudulent business practice. A cause of action for common law unfair competition in California is limited solely to "passing off" one's goods as those made by someone else. *Bank of the West v. Superior Court* (1992) 2 CalAth 1254, 1263. A cause of action for unfair competition under section 17200 of the Business and Professions Code has not been stated as there exists no allegation that Defendant Sweeney has lost money or property as a result of an unfair business practice, as required by section 17204 of the Business and Professions Code. Lastly, the litigation privilege applies to statements made by litigants and attaches to communications made in, or in anticipation of, litigation. This is a further reason why plaintiff's claims are legally untenable. *Olsen v. Harbison* (2010) 191 Cal.App.4th 325

Sixth Counterclaim: The claim for tortious interference with contractual relationship is defective in that there is no allegation of what contract was disrupted or how it was disrupted. The statement that "on information and belief' the conduct has interfered with and prevented performance of teaching of some courses does not meet federal pleading requirements. These facts Defendant Sweeney is presumed to know.

Seventh and Eighth Counterclaims: The claims relating to interference with prospective economic relations are defective because there is no allegation of how the cross-complainants are harmed, nor is there an allegation of a separate tort which is a necessary element for interference with prospective business advantage.

Ninth Counterclaim: The unjust enrichment claim lacks any allegation of how counter-defendants benefitted from the videos, photographs, and course materials.

Tenth Counterclaim: This claim for fraud lacks specificity as to time and place of the misrepresentation and makes no sense: There exists no causal connection between Mr. Halcon's alleged misrepresentation about the scope of employment and monetary loss to Defendant Sweeny which would be actionable under the law.

Eleventh Counterclaim: The claim for defamation arose after the litigation was filed and relates to the prosecution of Plaintiff's claim. Again, the litigations privilege would attach to any statements made by litigants. Further, there is no reason the claim could not be brought in state court. The claim can in no way be considered to be compulsory.

Twelfth Counterclaim: This claim for trade libel should be dismissed. Trade libel consists of disparaging the quality of property, resulting in pecuniary damage. The allegations of disparagement relate to Defendant Sweeney the individual, not a product.

Thirteenth Counterclaim: This claim for breach of the implied covenant of good faith and fair dealing fails to state a claim for breach of anything. It might best be described as a revised claim for declaratory relief.

Fourteenth Counterclaim: Negligent interference with contract is not recognized under California law.

Fifteenth Counterclaim The claim for fraud in the inducement fails to meet the specificity requirements for pleading under Federal Rule of Civil Procedure 9(b).

Sixteenth Counterclaim: The claim for an injunction is based upon the allegation that somehow Plaintiff is required to "return all copyrighted materials at issue" when there is absolutely no evidence in this case that Plaintiff is in possession of any of the materials. In fact, Defendant is in possession of all materials. (Dec C. Brand ¶11.)

   As demonstrated, the claims asserted are insufficient as a matter of law.

Therefore any further attempt to amend the compliant would be futile and frivolous.

1 | "A motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988). Futility alone can justify denial of a motion for leave to amend. *Nunes v. Ashcroft*, 375 F.3d 810, 813 (9th Cir.2004), cert. denied, 543 U.S. 1188, 125 S.Ct. 1395, 161 L.Ed.2d 192 (2005).

If the proposed amendment is insufficient in law and would be a futile act, it is proper to deny leave to amend. *Baker v. Pacific Far East Lines, Inc.,* 451 F. Supp. 84, 89 (N.D. Cal.1978). Therefore Defendants' motion should be denied as amendment would be futile.

### III.
### CONCLUSION

For the foregoing reasons, this Court should deny Defendants' Motion for Leave to File Defendants' Second Amended Counterclaims because the request is sought in bad faith, is futile and prejudicial to Plaintiff, and is untimely. Furthermore, if Defendants were granted leave to amend to add sixteen new counterclaims and to add two new parties, it would cause undue prejudice and undue delay to Plaintiff.

Dated:  9/18/14                                         Respectfully submitted,

                                                              Law Office of Cindy A. Brand, APC

                                                              /s/ Cindy A. Brand_____
                                                              By: Cindy A. Brand,
                                                              Attorney for Plaintiff
                                                              American Shooting Center, Inc.