1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   AMERICAN SHOOTING CENTER,          Case No. 13-cv-1847-BTM-JMA
     INC.,
12                                       **ORDER GRANTING**
                              Plaintiff,  **DEFENDANT'S MOTION TO**
13        v.                             **FILE AMENDED**
                                         **COUNTERCLAIMS**
14   SECFOR INTERNATIONAL LLC,
     et. al.,
15
                             Defendants.
16

17        Defendants have filed a Motion for Leave to File Second Amended

18   Counterclaims.  (Doc. 29.)  For the reasons set forth below, the motion is hereby

19   **GRANTED**.

20                          **I.  BACKGROUND**

21        Plaintiff filed a twelve-count complaint on August 8, 2013.  (Doc. 1.)

22   Defendants filed Answers on September 16, 2013.  (Docs. 5-7.)  Some eight months

23   later, Defendants moved to substitute their current attorney in place of their prior

24   counsel.  The Court granted the substitution on May 30, 2014.  (Doc. 21.)  On July

25   30, 2014, the Magistrate Judge set an August 20, 2014 deadline for filing any

26   motion to join parties, amend the pleadings, or to file additional pleadings.  (Doc.

27   27.)  On August 20, 2014, Defendants timely filed the pending motion, seeking

28   leave to add two new parties and sixteen counterclaims.  (Doc. 29.)

## II. <u>DISCUSSION</u>

Leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).  "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile."  <u>Bowles v. Reade</u>, 198 F.3d 752, 758 (9th Cir. 1999).

Plaintiff argues that it will suffer prejudice if the motion is granted, since the discovery cutoff date is November 12, 2014.  (Doc. 25.)  Plaintiff points out that its expert report is due on October 14, 2014 and that the counterclaims may prompt new expert designations or further expert analysis.  It is true that the amendments may result in prolonged discovery.  But it appears that no depositions have yet been taken in the case, so prejudice from delay is likely to be minimal.  The Court acknowledges that this is a copyright dispute and Plaintiff claims that Defendants are continuing to use the course materials at issue.  If Plaintiff prevails, any extra harm resulting from the delay can be factored into the damages assessment.

Defendants argue that the amendments are not sought in bad faith, as the delay was caused by their prior counsel and it simply took their new attorney some time to become familiar with the facts, identify interested parties, and formulate a litigation plan.  (<u>See</u> Decl. of Harry McGahey, ¶¶2-8.)  Thus, the delay may be attributed to Plaintiff's retention of new counsel after filing his complaint. Defendants' counsel also notes that he consented, "in the spirit of cooperation," to a 23 day extension of time to respond to Defendants' Special Interrogatorries. (McGahey Decl. ¶12.)  The Court finds no bad faith with respect to the motion.

Alleging various shortcomings in the new causes of action, Plaintiff argues that they are futile, in part because they are really "nothing more than embellished defenses." (Opp'n at 7-8.)  The Court disagrees.  Plaintiff has not shown that the tort claims nor the requests for declaratory and injunctive relief are so obviously futile that the amendment should be disallowed.  Defendants may consider revising

the amended pleading in light of the alleged deficiencies before filing, and Plaintiffs

concerns may be addressed by a motion to dismiss.

### III. CONCLUSION

For the reasons stated above, the Court finds Defendants' motion to file an

amended complaint is hereby **GRANTED**.  Defendants must file their Second

Amended Answer and Counterclaims within ten days of the entry of this Order.  In

the absence of a motion to dismiss, Plaintiff shall file a timely answer.


**IT IS SO ORDERED.**


DATED: October 9, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court