WRIGHT, L'ESTRANGE & ERGASTOLO
Robert C. Wright (SBN 051864)
rwright@wlelaw.com
Andrew E. Schouten (SBN 263684)
aschouten@wlelaw.com
402 West Broadway, Suite 1800
San Diego, California 92101
Telephone:  (619) 231-4844
Facsimile:    (619) 231-6710

Attorneys for Plaintiffs American Shooting Center, Inc.,
and The Recce Group, Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SHOOTING CENTER, INC., a California corporation, RECCE GROUP, INC., a California corporation, | Case No: 3:13-CV-1847 BTM-JMA |
| | **AMENDED COMPLAINT FOR:** |
| Plaintiffs, | **(1) COPYRIGHT INFRINGEMENT 17 U.S.C. § 101 ET SEQ;** |
| vs. | **(2) SECONDARY INFRINGEMENT OF COPYRIGHT, 17 U.S.C. § 106;** |
| SECFOR INTERNATIONAL; SECFOR INTERNATIONAL LLC; HTPSCOURSE.COM; ABSOLUTE SECURITY, INC.; ABSOLUTE PROTECTION GROUP WORLDWIDE.; APG; KEIKO ARROYO; PATRICK RICHARD SWEENEY aka RICK SWEENEY; MIRACOSTA COMMUNITY COLLEGE DISTRICT, LINDA KUROKAWA, in her official capacity as Director of Community Services & Business Development for MiraCosta College, | **(3) BREACH OF FIDUCIARY DUTY** |
| | **(4) AIDING AND ABETTING BREACH OF FIDUCIARY DUTY** |
| | **(5) UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW;** |
| | **(6) CONVERSION** |
| Defendants. | **(7) CAL. PENAL CODE § 496 – RECEIVING AND/OR CONCEALING STOLEN PROPERTY** |
| AND RELATED CROSS-ACTIONS | **DEMAND FOR JURY TRIAL** |

Plaintiffs American Shooting Center, Inc. and the Recce Group, Inc., allege as follows:

## NATURE OF THE ACTION

1.    On a daily basis, Defendants are engaged in the infringement of Plaintiffs' copyrighted videos, photographic and written material properties. Defendants carry out this unabashed theft of Plaintiffs' intellectual property through the operation of websites located at HTPSCOURSE.COM, SECFORINTERNATIONAL.COM, and APG-WORLDWIDE.COM ("Websites") and classrooms in the County of San Diego.  The Websites are commercial sites, which offer training courses in security and medical training that include Plaintiffs' videos, course materials and photographs without authorization.  Defendants also use Plaintiffs' videos, course materials and photographs in training classes without authorization.

2.    Defendants have partnered with MiraCosta College to offer Plaintiffs' videos, course materials and photographs in curriculum offered by MiraCosta College that uses Federal GI Bill funding for students who attend the courses and training and qualify for such funding.

3.    Defendants profit handsomely from this copyright infringement by charging from $1,900 to over $7,000 for a class or training course based upon the infringing materials.  Defendants' entire business model is identical to the business model created and owned by Plaintiffs.

4.    Defendants' ill-gotten gains have had an enormous cost to Plaintiffs who have been unable to provide equal opportunities for classes and training.

5.    On account of their conduct, Defendants are liable to Plaintiffs for: (1) Copyright Infringement, 17 U.S.C. § 101 et seq.; (2) Secondary Infringement of Copyright, 17 U.S.C. § 106; (3) Breach of Fiduciary Duty; (4) Aiding and Abetting Breach of Fiduciary Duty; (5) Unfair Competition Under California Common Law; (6) Conversion; and (7) Receiving and/or Concealing Stolen

Property, California Penal Code § 496.  Plaintiffs also have a right to injunctive relief for copyright infringement against Defendant Linda Kurokawa in her representative capacity and a claim for damages against Defendant MiraCosta College for depriving Plaintiff of their property interests in copyrights in violation of the Due Process Clause of the Fourteenth Amendment.

## PARTIES

6.      Plaintiff American Shooting Center, Inc. is a California corporation that is organized under the laws of the State of California.  Plaintiff owns or controls the copyrighted and/or exclusive reproduction and distribution rights to the videos, photographs and training materials infringed by Defendants, including for illustrative purposes those listed on Exhibit A.

7.      Plaintiff Recce Group, Inc. is a California corporation that is organized under the laws of the State of California, doing business as American Shooting Center.  The Recce Group owns the copyrights to the training bulletins attached as Exhibit B, which have been deposited for registration with the U.S. Copyright Office.

8.      Defendant Secfor International is a business organization, form unknown, that is doing business in the County of San Diego, State of California and has a listed address of 9320 Hazard Way, #1, San Diego, CA, 92123.  Secfor International holds itself out as an Absolute Protection Group company.

9.      Defendant Secfor International, LLC is a suspended limited liability company organized under the laws of the State of Delaware.  On information and belief, Secfor International, LLC has its principal place of business in the State of California.  On information and belief, Defendant may be served with process by serving its registered agent, The Company Corporation, 2711 Centerville Rod, Suite 400, Wilmington, DE 19808.

10.      Defendant HTPSCOURSE.COM is a website of Secfor International, an  Absolute  Protection  Group  company.      On  information  and  belief,

1   HTPSCOURSE.COM is a business organization, form unknown, that is doing
2   business in the County of San Diego, State of California and has an address listed
3   of 2100 Palomar Airport Way, Suite 206, Carlsbad, CA  92011.

4       11.    Defendant Absolute Security, Inc. is a California corporation that is
5   doing business in the County of San Diego, State of California and has a listed
6   address of 4535 30th Street, Suite 208, San Diego, California 92116.   This
7   Defendant may be served with process by serving its registered agent, Paul E.
8   Pierce, Jr. at 701 Palomar Airport Road, Suite 30030, Carlsbad, CA 92011.

9       12.    Defendant Absolute Protection Group Worldwide, Inc. is a
10  California corporation that is doing business in the County of San Diego, State of
11  California and has a listed address of 2100 Palomar Airport Way, Suite 206,
12  Carlsbad, CA 92011.  This Defendant may be served with process by serving its
13  registered agent, LegalZoom, Inc. at 100 West Broadway, Suite 100, Glendale,
14  California 91210.

15      13.    Defendant APG is a business organization, form unknown, and on
16  information and belief is doing business in the County of San Diego, State of
17  California at 2100 Palomar Airport Way, Suite 206, Carlsbad, CA 92011.

18      14.    Defendant MiraCosta College Community College District is a
19  political subdivision of the State of California serving coastal North San Diego
20  County.   The District operates MiraCosta College.   The main campus of the
21  college is located at 1 Barnard Drive, Oceanside, California, 92056.

22      15.    Defendant Linda Kurokawa is named in her capacity as Director of
23  Community Services and Business Development for MiraCosta College.

24      16.    Defendant Keiko Arroyo ("Arroyo") is the owner and/or operator of
25  Secfor International, HTPSCOURSE.COM, and APG; is a manager of Secfor
26  International, LLC; and is the President and shareholder of Absolute Security,
27  Inc. and Absolute Protection Group Worldwide, Inc.

28  / / /

17.     Defendant Patrick Richard Sweeney aka Rick Sweeney ("Sweeney") is the owner and/or operator of Secfor International, HTPSCOURSE.COM, and APG; and is a manager of Secfor International, LLC.  Sweeney is also affiliated with Absolute Security, Inc. and Absolute Protection Group Worldwide, Inc.

## JURISDICTION

18.     The Court has subject matter jurisdiction over the lawsuit under the copyright laws of the United States, 17 U.S.C. § 101 et seq.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions). The Court has supplemental and/or pendant jurisdiction over all related state claims.

19.     This Court has personal jurisdiction over Secfor International, Secfor International, LLC, HTPSCOURSE.COM, Absolute Security, Inc. Absolute Protection Group Worldwide, Inc., APG, and MiraCosta College and Linda Kurokawa, because each of these entities and persons has committed and continues to commit acts of infringement in violation of 17 U.S.C. § 101 et seq. These entities and persons transact business in the State of California and in this judicial district, and maintain sufficient contacts within California.  Defendants purposefully direct their business activities toward California, including by advertising, promoting, selling, franchising, and/or offering products and services for sale in California and elsewhere.  On information and belief, Defendants have sold infringing services and products from or into this judicial district. Moreover, all of the entity Defendants' principal place of business is in California and in this judicial district.

20.     This Court has personal jurisdiction over the individual Defendants Arroyo and Sweeney because both are residents of California.  From California Arroyo and Sweeney have personally participated in, directed, and/or supervised, and benefited from, the acts of infringement complained of in this Complaint, including by operating the California business entities to facilitate Defendants'

infringing conduct.   Sweeney and Arroyo have been the guiding person and central figure behind Defendants' infringing activity, which has been directed at California residents.

## VENUE

21.   Venue is proper in this district under 28 U.S.C. § 1400(a) because Defendants reside or may be found in this district.

22.   Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because the Defendants reside and transact business within this district and offer for sale in this district services and products that infringe the Plaintiffs' copyrights. Furthermore, a substantial part of the events or omissions giving rise to this claim occurred in this district and there is personal jurisdiction over defendant corporations and business entities.

## BACKGROUND FACTS

23.   Plaintiffs are in the business of providing specialty-training courses for security, medical procedures and protection among other things.

24.   Defendant Arroyo was an employee of American Shooting Center from approximately October of 2002 to February of 2005.

25.   On or about September 20, 2006 American Shooting Center hired Defendant Sweeney as a full time employee.  Sweeney had previously worked for Plaintiff from September 23, 2002 to April 13, 2004.

26.   As part of his duties working for Plaintiffs, Plaintiffs notified Sweeney that he was to prepare training courses and training procedures ("Courses") for use by Plaintiffs.  Plaintiffs intended to offer the courses to the general public.  The Courses included videos and photographs of training and various security and medical scenarios.  The Courses also included materials for class instruction, such as PowerPoint slides.  Plaintiff American Shooting Center provided Sweeney with two laptop computers on which to prepare the Course materials.

27.     While preparing Courses as part of his job duties, Sweeney notified Plaintiffs that he was working with MiraCosta College so that Courses could be provided in conjunction with MiraCosta College, utilizing MiraCosta College's ability to obtain GI bill funding for students.

28.     Sweeney prepared all of the videos, photographs and Courses before October 19, 2012, while acting within the course and scope of his duties as an employee of American Shooting Center.

29.     As an employee of American Shooting Center, Sweeney learned all of Plaintiffs' customers, potential customers and contacts for Plaintiffs' customers.

30.     On or about 2011 Plaintiffs learned that Sweeney had opened his own company and was planning on providing competing Courses.  Plaintiffs notified Sweeney he was forbidden to compete with Plaintiffs while he was an employee of American Shooting Center.  Sweeney agreed to close the company and did not discuss it further.

31.     On or about October of 2012 Plaintiffs learned Sweeney was working with Arroyo to provide training courses using Plaintiffs' videos, photographs and Courses without Plaintiffs' knowledge.   Plaintiffs learned Sweeney and Arroyo had contacted Plaintiffs' customers and were training many of the same customers that Plaintiffs had previously trained.

32.     American Shooting Center terminated Sweeney on October 19, 2012.

33.     After he was terminated Sweeney continued providing the exact medical training courses that had been provided by Plaintiffs to Plaintiffs' customers.

34.     On or about July of 2013 Plaintiffs learned Defendants had been using Plaintiffs' videos, photographs and Courses on their various Websites. On or about July of 2013 Plaintiffs learned that Secfor International, LLC ("LLC") had been opened as a Delaware LLC in July of 2007.  Plaintiffs are informed and

7

believe that the LLC used American Shooting Center's business address on Hazard Way in San Diego, California as its California business address without Plaintiff's knowledge or consent.

35.   On or about July of 2013 Plaintiffs learned that Secfor International.com had been created and registered in June of 2007.

36.   On information and belief Sweeney has been operating a competing business against Plaintiffs since 2007 all while receiving compensation as an employee in the approximate amount of $75,000.00 per year from American Shooting Center.  Sweeney also received fringe benefits such as automobile use and health benefits all while competing with Plaintiffs using Plaintiffs' materials.

37.   Defendant Arroyo personally directed and participated in, exercised control over, and benefited from the specific infringement-inducing conduct of Sweeney that has resulted in the infringement of Plaintiffs' copyrights. This includes, but is not limited to, the adoption of a business plan dependent upon copyright infringement.

38.   On or about July of 2013, Defendant Arroyo and Defendant Sweeney and the various business entities were sent cease and desist letters requiring removal of Plaintiffs' videos, photographs and Courses from their websites. Defendants were also notified to cease the use of Plaintiffs' Course materials. Defendants provided no response to this demand.

**CONDITIONS PRECEDENT**

39.   MiraCosta Community College District is not listed in the Roster of Public Agencies maintained by the Secretary of State for the State of California and made publicly available on the Secretary of State's website.

40.   As a result, any claim filing requirement established by MiraCosta Community College District, to the extent otherwise applicable, need not be satisfied pursuant to Cal. Govt. Code sections 946.4, 53050-53051.

/ / /

## NO ELEVENTH AMENDMENT IMMUNITY

41.    In 1998, the California Legislature enacted a community college law, the Walter Stiern Act, Cal. Ed. Code §§ 70900-82548, which effected a major change in the organization, structure, and operations of the State's community colleges.

42.    Following the enactment of the Walter Stiern Act, the District is a local public entity and is not an arm of the State.

43.    All claims for money or damages against the District are governed by the California Tort Claims Act's provisions for local public entities. As a result the State and the District represent different sets of public pockets. No judgment against the District may be paid out of the State's General Fund. The District's Board of Trustees, not the State, is liable for the all of the District's debts and contracts, and the District, like all local public entities, is responsible for paying its own money judgments.

44.    Even though the District receives funding from the State's General Fund to provide for-credit courses, State funds will not necessarily be used to satisfy a judgment against the District.

45.    The District has an annual operating budget of about $91.4 million. Of that sum, only about $3.4 million comes from State sources.  The remainder, about $88 million, comes from local property taxes, facility use fees, interest, child development center fees, enrollment fees, non-resident fees, bookstore rent, community services classes and contract education fees, and other local sources.

46.    The Courses are provided by MiraCosta College through its Department of Community Services and Business Development, which offers not-for-credit continuing education to residents.  In providing these Courses, the District contracts with third parties for instructional classes.   The contract education courses are paid for by student fees (including federal assistance such

/ / /

1   as G.I. Bill benefits).  No State tax dollars support contract education courses,
2   which generate about $1.6 million per year for the District.

3        47.    The Walter Stiern Act provides the District may own copyrights in
4   its own name and any profits, royalties, or revenues derived from the use of
5   copyrights are retained by the District and not forwarded to the State.

6        48.    Nor is the State required to backfill any budgetary shortfalls caused
7   by a money judgment against the District using monies from the State's General
8   Fund. In short, the State has no legal obligation to pay a money judgment against
9   the District.

10       49.    The Walter Stiern Act provides that District may be sued and can sue
11  in its own name. It can hold and convey property and may exercise the power of
12  eminent domain.

13       50.    Moreover, the State exercises no oversight over contract education
14  courses, including the Courses.  The Walter Stiern Act devolves authority and
15  control in the administration of the District to its governing body, which is given
16  the maximum discretion to manage its own operations. The only limitation placed
17  on such authority is that the District may not act in any manner in conflict with, or
18  inconsistent with, or preempted by, any law.

19       51.    The District is a political subdivision of the State and its governing
20  body is popularly-elected by residents within the District.

21       52.    As the head of the District's Department of Community Services and
22  Business Development, Ms. Kurokawa is responsible for reviewing and
23  approving all contract education courses, including the High Threat Protection
24  Specialist, Executive Protection, High Risk First Responder, and Certified AT/FP
25  Specialist (CAPS) training courses.  The Community Services and Business
26  Development Department has offered these courses on a continuing basis in 2014,
27  and plans to offer the Certified AT/FP Specialist, Executive Protection, High Risk
28  / / /

1  First Responder, and High Threat Protection Specialist courses from January
2  through December, 2015.

3       53.    The District's operative policies and procedures provide that the
4  District abides by Federal Copyright laws and District employees are expected to
5  comply with such laws.

6       54.    The District's operative policies and procedures on copyright laws
7  further provide that the District "does not sanction the illegal use of someone
8  else's work in any form. Willful infringement of copyright law by a District
9  employee may result in disciplinary action and personal liability in the event of a
10 loss to the District resulting from litigation."

11 <center>**FIRST CLAIM FOR RELIEF**</center>

12 <center>**(Direct Infringement of Copyrights**
**Against All Defendants)**</center>
13

14      55.    Plaintiffs repeat and reallege every allegation contained in paragraph
15 1 through 54 as if fully set forth herein.

16      56.    Plaintiffs own and control the copyrights and exclusive rights to the
17 videos, photographs and Course materials mentioned above, including, but not
18 limited to the illustrative works identified in Exhibits A and B.

19      57.    Pursuant to 17 U.S.C. § 101 "Definitions": A "work made for hire"
20 is—(1) a work prepared by an employee within the scope of his or her
21 employment.

22      58.    17 U.S. C. Section 201 b) defines Works Made for Hire as follows:
23 Works Made for Hire.

24 In the case of a work made for hire, the employer or other person for
25 whom the work was prepared is considered the author for purposes
   of this title, and, unless the parties have expressly agreed otherwise
26 in a written instrument signed by them, owns all of the rights
   comprised in the copyright.

27      59.    In a work-for-hire agreement, the authorship lies with the employer
28 company and not the employee.

<center>11</center>

60.    Without authorization from Plaintiffs, or right under law, Defendants have unlawfully distributed Plaintiffs copyrighted works, including those in Exhibits A and B, by transmitting unauthorized copies of those works on their Websites and using class materials derived from those works in their classes in violation of the Copyright Act, 17 U.S.C. § 106.

61.    Defendants are directly liable for the acts of infringement under the Copyright Act.

62.    Defendants also made additional unauthorized copies of Plaintiffs copyrighted works, including those on Exhibit A, on their websites and used course materials derived from Exhibit B in their classrooms in violation of the Copyright Act, 17 U.S.C. § 106

63.    The foregoing acts of infringement by Defendants have been willful, intentional and purposeful, in disregard of and indifferent to Plaintiff's rights in violation of the Copyright Act, 17 U.S.C. § 101 et seq.

64.    As a direct and proximate result of Defendants' infringement of Plaintiffs rights, Plaintiff is entitled to damages as well as Defendants' profits pursuant to 17 U.S.C. § 504(b).

65.    Alternatively, Plaintiff is entitled to the maximum statutory damages, in the amount of $150,000 per infringement, pursuant to 17 U.S.C. § 504(c), or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

66.    Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U. S . C. § 505.

67.    Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiffs great and irreparable injury that cannot be fully compensated for or measured in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a preliminary and permanent injunction prohibiting further infringements of its copyrights and exclusive rights under copyright law.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECOND CLAIM FOR RELIEF

### (Secondary Infringement of Copyright
### Against All Defendants)

68.   Plaintiffs repeat and reallege every allegation contained in paragraphs 1 through 67 as if fully set forth herein.

69.   Users of Defendants' websites and classes have infringed, and continue to infringe, Plaintiffs' copyrights, including without limitation those copyrighted works identified in Exhibit A, by reproducing and distributing works owned by Plaintiffs through sharing of the files and materials without authorization from Plaintiffs, or right under law, in violation of the Copyright Act, 17 U.S.C. § 106.  Defendants are liable as secondary infringers under the Copyright Act for each infringing reproduction and distribution of Plaintiffs works.

70.   Defendants are liable under the Copyright Act for inducing the infringing acts of their website's viewers.

71.   Defendants are separately liable under the Copyright Act for the infringing acts of their website's viewers as contributory copyright infringers.

72.   Defendants derived a financial benefit attributable to these viewers' copyright infringement, including infringement of Plaintiffs' copyrights. Defendants used the copyrighted works as a draw to attract these viewers, to whom Defendants in turn sell services and products.

73.   Defendants are therefore vicariously liable for the unauthorized reproduction and distribution of Plaintiffs' copyrighted works, including those listed on Exhibit A hereto, in violation of the Copyright Act, 17 U.S.C. § 106.

74.   Defendants Arroyo, Sweeney, and MiraCosta Community College District are jointly and severally liable for each act of infringement for which Defendants are liable because they personally directed and participated in, and

/ / /

13

1 | benefited from the infringing conduct as alleged herein, and have been the
2 | guiding spirits behind and central figures in Defendants' infringing activities.

3 | 75. The foregoing acts of infringement by Defendants have been willful,
4 | intentional and purposeful, in disregard of and indifferent to Plaintiffs' rights.

5 | 76. As a direct and proximate result of Defendants' infringement of
6 | Plaintiffs' exclusive rights under copyright, Plaintiffs are entitled to damages as
7 | well as Defendants' profits pursuant to 17 U.S.C. § 504(b).

8 | 77. Alternatively, Plaintiffs are entitled to the maximum statutory
9 | damages, in the amount of $150,000 per infringement, pursuant to 17 U.S.C. §
10 | 504(c), or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

11 | 78. Plaintiffs further are entitled to their attorneys' fees and full costs
12 | pursuant to 17 U.S.C. § 505.

13 | 79. Defendants' conduct is causing, and unless enjoined and restrained
14 | by this Court will continue to cause, Plaintiffs great and irreparable injury that
15 | cannot be fully compensated for or measured in money. Plaintiffs have no
16 | adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to
17 | injunctive relief prohibiting further infringements of its copyrights and exclusive
18 | rights under copyright law.

19 | **THIRD CLAIM FOR RELIEF**
20 | **(Breach of Fiduciary Duty Against Sweeney)**

21 | 80. Plaintiffs repeat and reallege the allegations contained in paragraphs
22 | 1 through 38, 56 through 63, and 69 through 75 as though fully set forth herein.

23 | 81. As an employee of American Shooting Center, Sweeney had a
24 | fiduciary duty to act in the utmost good faith and in the best interests of the
25 | American Shooting Center and its related entity, the Recce Group.

26 | 82. Under section 2860 of the California Labor Code, everything which
27 | Sweeney acquired from his employment, except the compensation due him,
28 | belonged to his employer, American Shooting Center.

83.    Under section 2863 of the California Labor Code, Sweeney had a duty of loyalty to always give preference to the business of American Shooting Center and the Recce Group over similar business on his own account.

84.    As has been fully set forth above, Sweeney violated these fiduciary and statutory duties by failing to return two laptop computers purchased for him by American Shooting Center after request for their return was made; misappropriating copyrighted materials in the form of a promotional movie and Course materials derived from the documents identified in Exhibits A and B, respectively; by using Course materials developed for American Shooting Center and the Recce Group for the benefit of his own company, including High Threat Protection Specialist and Executive Protection PowerPoint slides; and misappropriating business opportunities of American Shooting Center and The Recce Group, including MiraCosta College, while still employed by American Shooting Center.

85.    As a proximate result of Sweeney's breach of fiduciary duty, Plaintiffs have been injured in an amount that is yet to be ascertained.

86.    The foregoing conduct was oppressive, malicious, and in conscious disregard of Plaintiffs' rights and entitles Plaintiffs to punitive damages of at least $500,000 according to proof at time of trial.

## FOURTH CLAIM FOR RELIEF

### (Aiding And Abetting Breach Of Fiduciary Duty
### Against All Defendants)

87.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 38, 56 through 63, 69 through 75, and 81 through 84, as though fully set forth herein.

88.    On August 8, 2013, this action was commenced against, among others, Defendants Absolute Security, Inc., Absolute Protection Group Worldwide, APG, MiraCosta College, and Keiko Arroyo.

89.   By the end of September 2013, these Defendants knew through service of a copy of the complaint in this case that Sweeney was receiving copyrighted information, had misappropriated MiraCosta College as a corporate opportunity for himself, and had breached his fiduciary duty in doing so.

90.   Keiko Arroyo gave Sweeney substantial assistance and encouragement in breaching his fiduciary duty by agreeing to assist Sweeney in teaching the subject courses at MiraCosta College.

91.   MiraCosta College substantially assisted Sweeney by presenting the courses which he developed at the college, while knowing that American Shooting Center or the Recce Group was the entity that should have been working with the college to produce the courses.

92.   The conduct of Arroyo and MiraCosta College was a substantial factor in harming American Shooting Center and the Recce Group.

93.   Plaintiff realleges and incorporates by reference paragraphs 85 through 86 with the same force and effect as if alleged at this point.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition Under California Common Law
### Against Sweeney, Arroyo, Miracosta College And Linda Kurokawa)

94.   Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 75, and 81 through 84, as though fully set forth herein.

95.   The MiraCosta Community College District represented to the public that the High Threat Protection Specialist program will be conducted at the "Alpine Training Center." The "Alpine Training Center" is defined in the MiraCosta Community Service's Work Skill Program Bulletin as:

> The Alpine training area is located at 19150 High Glen Road, Alpine, CA 91901. The facility is 160-acres designated to train civilians and military personnel on a variety of physical, medical and professional skills. There are three live fire ranges (up to 650 years), vehicle range, FAA registered airstrip, multiple covered and

16

uncovered training and "field" environments, and a classroom for up to 24 students. There are unisex bathroom facilities (with showers) available. The facility is approved by the Department of the U.S. Navy.

96.     This representation is false. Aside from an initial program, the Alpine Training Center has never been used for these programs. The Alpine Training Facility is used by the American Shooting Center and the Recce Group for their own training programs.

97.     It is unlawful and unfair to provide services that misrepresent their character or source.

98.     Defendants Sweeney and Arroyo have aided and abetted this misrepresentation by failing to correct the false information found in the Work Skills Program Bulletin.

99.     Plaintiff realleges and incorporates by reference paragraphs 85 through 86 with the same force and effect as if alleged at this point.

### SIXTH CLAIM FOR RELIEF

### (Conversion Against Patrick Sweeney)

100.    Plaintiffs repeat and reallege every allegation contained in paragraphs 1 through 38 and 81 through 84 as though set forth fully herein.

101.    At the time of Sweeney's termination, he had in his possession two laptop computers purchased by American Shooting Center on which he developed or stored the training courses.

102.    Immediately following Sweeney's termination, American Shooting Center requested that Sweeney return the two laptop computers to it. Sweeney refused to do so, claiming that they no longer existed.

103.    Plaintiffs never consented to Sweeney's disposing of the personal computers, and was harmed by Sweeney failing to return them in that (i) American Shooting Center could no longer have the benefit of the computers; and

/ / /

(ii) Plaintiffs no longer had access to teaching materials and programs developed by Sweeney for American Shooting Center and the Recce Group.

104. Plaintiff realleges and incorporates by reference paragraphs 85 through 86 with the same force and effect as if alleged at this point.

## SEVENTH CLAIM FOR RELIEF

### (California Penal Code § 496 – Receiving And/Or Concealing Stolen Property Against All Defendants)

105. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 38 and 81 through 84 as though set forth fully herein.

106. Defendants' acts outlined above, including but not limited to, concealing the Courses, refusing to return the Courses and remove the copyrighted materials from their websites, and using the Courses in classes and programs also violates California Penal Code § 496 entitled "Receiving or Concealing Stolen Property," because "A principal in the actual theft of the property may be convicted . . . pursuant to this section."

107. Plaintiff realleges and incorporates by reference paragraphs 85 with the same force and effect as if alleged at this point.

108. Pursuant to Penal Code § 496(c), Plaintiff is entitled to "three times the amount of actual damages" sustained, plus costs of suit, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For a preliminary and permanent injunction enjoining Defendants and their respective officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with each or any of them, from directly committing, aiding, encouraging, enabling, including, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction or distribution of copies of Plaintiffs' copyrighted works.

18

1   B.   For all damages to which Plaintiffs may be entitled, including
2   Defendants' profits, in such amounts as may be found including, but not limited
3   to, the following:

4          i.   Actual damages according to proof;

5          ii.   Enhanced damages for willful infringement;

6          iii.   Treble damages;

7          iv.   Restitution for lost goodwill and misappropriation of
8   intellectual property rights;

9          v.   Plaintiffs lost profits;

10         vi.   Plaintiffs lost market share;

11         vii.   Reasonable royalties;

12         viii.   Statutory damages;

13         ix.   Statutory damages with willful infringement;

14         x.   Disgorgement of Defendants' profits;

15         xi.   Accounting of Defendants' profits;

16         xii.   Alternatively, at plaintiffs' election, for statutory damages in
17  the maximum amount allowed by law;

18         xiii.   For punitive damages in the amount of at least $500,000,
19  according to proof at trial.

20  C.   For prejudgment interest according to law.

21  D.   For Plaintiffs' attorneys' fees and costs.

22  E.   For such further relief as this Court may deem just and proper.

23  Dated: April 30, 2015                    Respectfully submitted,

24                                           WRIGHT, L'ESTRANGE & ERGASTOLO
25                                           Attorneys for Plaintiff American Shooting
26                                           Center, Inc., and the Recce Group, Inc

27                                           By: s/ Robert C .Wright
                                                  Robert C. Wright
28

19

1

## DEMAND FOR TRIAL BY JURY

2          Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Plaintiff
3 American Shooting Center, Inc. hereby demands trial by jury on all issues raised by
4 the Complaint.

5
Dated:  April 30, 2015              Respectfully submitted,
6
7                                   WRIGHT, L'ESTRANGE & ERGASTOLO
                                    Attorneys for Plaintiff American Shooting
8                                   Center, Inc., and the Recce Group, Inc

9                                   By: s/  Robert C .Wright
10                                        Robert C. Wright

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28