UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SHOOTING CENTER, INC., a California Corporation, RECCE GROUP, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SECFOR INTERNATIONAL, et al.,<br><br>Defendants. | Case No.:  13cv1847 BTM(JMA)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Defendant Linda Kurokawa ("Defendant" or "Kurokawa"), in her official capacity as Director of Community Services & Business Development for MiraCosta College, has filed a motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the Second Amended Complaint's claims against her for retroactive monetary relief for copyright infringement.  For the reasons discussed below, Defendant's motion is **GRANTED**.

## I. BACKGROUND

This case involves claims by Plaintiffs American Shooting Center, Inc., and Reece Group that two former employees and their companies infringed Plaintiffs'

copyrights by using certain materials in connection with training courses offered at MiraCosta College.

In an order filed on March 28, 2016 [Doc. 101], the Court dismissed with prejudice Plaintiffs' claims against MiraCosta Community College District ("District") on the ground that the District is immune from suit under the Eleventh Amendment. The Court also dismissed Plaintiffs' claims for retroactive monetary relief against Kurokawa because the District's Eleventh Amendment immunity extends to her as to those claims. However, the Court denied the motion to dismiss as to Plaintiffs' claims for prospective declaratory or injunctive relief.

On April 27, 2016, Plaintiffs filed a Second Amended Complaint ("SAC"). In the SAC, Plaintiffs allege that Kurokawa deprived Plaintiffs of their constitutionally protected property interests by wrongfully infringing Plaintiffs' copyrights and failing to provide Plaintiffs with notice or an opportunity to be heard before or after such deprivation. (SAC ¶ 62.) According to Plaintiffs, the Copyright Remedies Clarification Act ("CRCA"), 17 U.S.C. § 511, strips Kurokawa of any immunity under the Eleventh Amendment. (Id.)

Plaintiffs seek the following relief against Kurokawa: (1) a declaration that Kurokawa deprived Plaintiffs of their constitutionally protected property interests in the copyrighted works at issue; (2) imposition of a constructive trust on all gains, profits and advantages MiraCosta College derived from Kurokawa's infringing activity; (3) an accounting of all gains, profits, and advantages MiraCosta College derived from Kurokawa's infringement of the copyrighted works; (4) disgorgement of all gains, profits, and advantages derived from Kurokawa's infringement of the copyrighted works; and (5) attorney's fees and costs. (SAC ¶¶ 64, 65, Prayer for Relief.)

//
//
//

## II. DISCUSSION

Plaintiffs contend that their claim for retroactive monetary relief is not barred by the Eleventh Amendment because (1) the claim is an equitable claim for disgorgement of ill-gotten gains; and (2) the CRCA abrogates any Eleventh Amendment immunity applicable to Kurokawa. The Court does not find these arguments to be persuasive.

A. Retroactive Monetary Relief against Immune State Agency

In the Court's prior order, the Court dismissed with prejudice Plaintiffs' claims against the MiraCosta Defendants, with the sole exception of Plaintiffs' claim against Kurokawa, in her official capacity, for prospective injunctive relief. Yet in the SAC, Plaintiffs seek retroactive monetary relief against Kurokawa in the form of disgorgement of all gains and profits derived from use of the copyrighted materials.

Plaintiffs attempt to justify their claim for retroactive monetary relief by characterizing the relief as an "equitable" remedy. Plaintiffs argue that they do not seek money damages but, rather, equitable recovery of ill-gotten profits the District derived from Kurokawa's infringement of Plaintiffs' copyrights.

But Plaintiffs cannot avoid Eleventh Amendment immunity by dressing up their claim for relief as an equitable remedy. In Edelman v. Jordan, 415 U.S. 651 (1974), the Supreme Court held that the Eleventh Amendment barred the recovery of "equitable restitution" in the form of the retroactive release and payment of AABD (Aid to the Aged, Blind, and Disabled) benefits wrongfully withheld by the State of Illinois. The Supreme Court explained that the funds to satisfy such an award would inevitably be paid from the general revenues of the State of Illinois, not the pocket of the petitioner Edelman, and that such relief would run afoul of the Eleventh Amendment. Id. at 665. Responding to the argument that the award was in the form of "equitable restitution," the Supreme Court stated:

> We do not read Ex parte Young or subsequent holdings of this Court to indicate that any form of relief may be awarded against a state officer, no matter how closely it may in practice resemble a money judgment payable out of the state treasury, so long as the relief may be labeled 'equitable' in nature. The Court's opinion in Ex parte Young hewed to no such line.

Id. at 666.

Relying on the cases of Taylor v.Westly, 402 F.3d 924, 929-930 (9th Cir. 2005) and Suever v. Connell, 439 F.3d 1142, 1146-47 (9th Cir. 2006), Plaintiffs argue that they are not seeking monetary relief, but, rather, are just seeking the recovery of ill-gotten gains that are being held in constructive trust for Plaintiffs. But Taylor and Suever are distinguishable.  As explained by the Ninth Circuit, those cases concerned the return of the plaintiffs' own property that was being held in the California state escheat fund pursuant to a unique statutory regime that required the state Controller to "safeguard and conserve" unclaimed property in a trust fund.  North East Med. Serv. v. California Dept. of Health Care Services, 712 F.3d 461, 469 (9th Cir. 2013).

Here, as in North East Med. Serv., Plaintiffs "do not seek the return of their own property seized pursuant to a unique statutory scheme." Id. at 470.  This case is more akin to Ford Motor Co. v. Dept. of Treasury, 323 U.S. 459 (1945), where a taxpayer sought a refund of paid taxes, arguing that the taxes had been imposed in violation of the United States Constitution.   The Supreme Court determined that the petitioner's claim for a "refund" was, "in essence one for the recovery of money from the state," meaning that the state was entitled to invoke its sovereign immunity from suit. Id. at 464.

Whether Plaintiffs' disgorgement claim is "equitable," or not, it seeks a monetary award that will be paid from state funds, not Kurokawa personally. Therefore, the state is the real party in interest, and Plaintiffs' claim for retroactive monetary relief is barred by the Eleventh Amendment.

B. CRCA

Plaintiffs contend that the CRCA abrogates the state's sovereign immunity in this case. The Court disagrees.

Pursuant to the CRCA, the Copyright Act was modified to provide:

> Any State, any instrumentality of a State, and any officer or employee of a State or instrumentality of a State . . . shall not be immune, under the Eleventh Amendment . . . from suit in Federal Court . . . for a violation of any of the exclusive rights of a copyright owner . . . .

17 U.S.C.A. § 511(a) (1994).

Since passage of the CRCA, courts have held that Congress did not have the authority to abrogate the states' Eleventh Amendment immunity pursuant to Article I of the Constitution. See Rodriguez v. Texas Comm'n on the Arts, 199 F.3d 279, 280-81 (5th Cir. 2000); see also Florida Prepaid Postsecondary Ed. Expense Bd. v. College Sav. Bank, 527 U.S. 627, 636 (1999) (explaining that Patent Remedy Act, which contained language substantially similar to that in the CRCA, could not be sustained under either the Commerce Clause or the Patent Clause in Article I). Courts have also uniformly held that the CRCA was not a valid exercise of Congress's power under § 5 of the Fourteenth Amendment[1] because the CRCA failed to meet the "congruence and proportionality" test established by City of Boerne v. Flores, 521 U.S. 507, 639 (1997). See, e.g., Chavez v. Arte Publico Press, 204 F.3d 601, 605-07 (5th Cir. 2000) ("Since the record does not indicate that Congress was responding to the kind of massive constitutional violations that have prompted proper remedial legislation, that it considered the adequacy of state remedies that might have provided the required due process of law, or that it sought to limit the coverage to arguably constitutional violations, we conclude that the CRCA is . . . an improper exercise of Congressional legislative power.");

---

[1] Section 5 provides, "The Congress shall have the power to enforce, by appropriate legislation, the provisions of this article."

Marketing Info. Masters, Inc. v. Board of Trustees, 552 F. Supp. 2d 1088, 1093-95 (S.D. Cal. 2008); Oracle America, Inc. v. Oregon Health Ins. Exch. Corp., 80 F. Supp. 3d 1168, 1172 (D. Or. 2015).

Plaintiffs argue that Congress has validly exercised its § 5 power to abrogate state sovereign immunity because there have been *actual* violations of the Fourteenth Amendment in this case.  There are two ways that Congress may validly exercise its § 5 power:  (1) Congress may "creat[e] private remedies against the States for actual violations of [the Fourteenth Amendment]," United States v. Georgia, 546 U.S. 151, 158 (2006); or (2) "Congress may pass prophylactic 'legislation which deters or remedies [Fourteenth Amendment] violations . . . even if in the process it prohibits conduct which is not itself unconstitutional,' so long as 'there [is] a congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end.'" National Ass'n of Boards of Pharm. v. Board of Regents, 633 F.3d 1297, 1316 (11th Cir. 2011) (quoting City of Boerne, 521 U.S. at 518-20).

Plaintiffs argue that there were actual violations of the Fourteenth Amendment in this case because the MiraCosta Defendants failed to provide a pre-deprivation hearing or post-deprivation remedies.  Therefore, Plaintiffs reason, under Georgia, the CRCA abrogates Kurokawa's Eleventh Amendment immunity.  However, Plaintiffs' reliance on Georgia is misplaced.

In a footnote in National Ass'n of Boards of Pharmacy, the Ninth Circuit expressed doubt whether the appellant's procedural due process claim actually falls under Georgia's framework:

> In Georgia, the identical conduct that violated the Americans with Disabilities Act also violated the Eighth Amendment. 546 U.S. at 157, 126 S.Ct. at 880–81. Here, the action necessary to infringe a copyright is arguably distinct from the conduct constituting NABP's procedural due process claim. In its simplest form, one infringes a copyright by copying or distributing a work; no amount of process absent the owner's consent avoids liability under the statute. See, e.g., 17 U.S.C.

> § 106. NABP's due process claim argues that it should have received a pre-deprivation hearing before its copyright was infringed. This alleged conduct—failing to provide a hearing—is not identical to copyright infringement. Therefore, NABP's argument that it was owed a pre-deprivation hearing is not implicated by a strict understanding of what it is to infringe a copyright and thus arguably not covered by Georgia. We need not discuss this argument further, however, because it is clear that NABP has not shown an actual denial of procedural due process.

National Ass'n, 633 F.3d at 1316 n. 32.

In a recent case, Campinha-Bacote v. Regents of the University of Michigan, 2016 WL 223408 (S.D. Ohio Jan. 19, 2016), the district court rejected the plaintiff's argument that under Georgia, the states' sovereign immunity was validly abrogated pursuant to § 5 because the statutorily prescribed conduct also violated the guarantee of Due Process under the Fourteenth Amendment.  The Court explained:

> Here, the Court concludes that Congress did not validly abrogate the states' Eleventh Amendment sovereign immunity and that the statutorily proscribed conduct, as explained in National Association of Boards of Pharmacy, does not simultaneously and independently violate a constitutional guarantee protected by the Fourteenth Amendment as it did in Georgia. Instead, the existence of a constitutional due process violation—which none has been properly pled in the Complaint—is an inquiry distinct from whether a copyright was infringed. As such, Campinha-Bacote's attempt to rely on Georgia is unavailing.

Id. at * 5.

The Court agrees with the reasoning in Campinha-Bacote and the footnote in National Ass'n distinguishing Georgia.  Georgia is inapplicable and does not establish that Congress validly abrogated the state's Eleventh Amendment immunity in this case.

## III. CONCLUSION

For the reasons discussed above, Kurokawa's motion to dismiss is **GRANTED**. Plaintiffs' claim for retroactive monetary relief (including the claims for declaratory relief,[2] constructive trust, accounting, and disgorgement) against Kurokawa is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: July 22, 2016

*Barry Ted Moskowitz*
Barry Ted Moskowitz, Chief Judge
United States District Court

---

[2] Plaintiff's declaratory relief claim is dismissed because it is narrowly tailored to support Plaintiff's position that Kurokawa's sovereign immunity has been abrogated under Georgia.

8

13cv1847 BTM(JMA)